JOHN B. DUNCAN, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 17217-83.       Filed May 19, 1986.

*Bert B. Rand* and *Robert B. Duncan*, for the petitioner.
*Dennis D. Curtin*, for the respondent.

## OPINION

STERRETT, *Chief Judge*: By notice of deficiency dated February 2, 1983, respondent determined a deficiency in petitioner's Federal income tax return for the taxable year ended December 31, 1979, in the amount of $1,390.28. After concessions, the sole issue before us is whether the income earned by petitioner is subject to self-employment tax under section 1401.[1]

The facts have been fully stipulated pursuant to Rule 122 and are so found. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference and forms the basis of the Court's findings of fact.

Petitioner John B. Duncan resided in Stouffville, Ontario, when the petition was filed in this case. At all relevant times, petitioner was both a U.S. citizen and a resident of Canada. During the taxable year 1979, he was employed as an ordained minister at a Presbyterian Church in Ontario,

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Canada, and received the equivalent of 17,498 U.S. dollars for services he performed. He was covered by the Canadian Government's pension plan and made contributions to it.

For the taxable year 1979, petitioner did not file an application for exemption from U.S. self-employment tax, nor did he pay any United States self-employment tax on his Canadian earnings. In his statutory notice of deficiency, respondent determined that the wages petitioner earned as a minister in Canada were subject' to self-employment tax under section 1401.

Generally, section 1401 imposes a tax upon the self-employment income of every individual, including the income earned by a U.S. citizen from services performed as a minister in a foreign country. See sec. 1402(a)-(c).[2] However, there are three situations in which a minister could be exempted from the self-employment tax. First, under section 1402(e), a minister is exempt from the tax if he files an application for exemption.[3] Second, section 1401(c)[4] provides that—

During any period in which there is in effect an agreement entered into pursuant to section 233 of the Social Security Act with any foreign country, the self-employment income of an individual shall be exempt from the taxes imposed by this section to the extent that such self-employment income is subject under such agreement to taxes or contributions for similar purposes under the social security system of such foreign country.[5]

Third, section 7852(d) provides that "No provision of this title [Internal Revenue Code of 1954] shall apply in any case where its application would be contrary to any treaty obligation of the United States in effect on the date of the enactment of this title."[6]

---

[2]See also *Briant v. Commissioner*, T.C. Memo. 1982-397.

[3]Since petitioner did not file such an application, he is provided no relief under this provision. It also is possible that petitioner could have been exempted from the social security tax under sec. 1402(g) had he filed the requisite application for exemption.

[4]Sec. 1401(c) was redesignated sec. 1401(d) for taxable years beginning after Dec. 31, 1983.

[5]The United States has entered into such an agreement with Canada with respect to the social security systems of the respective countries. Social Security Agreement between the United States and Canada, House Doc. No. 98-165, 98th Cong., 2d Sess. (Jan. 26, 1984). Unfortunately, this agreement became effective on Aug. 1, 1984, and is prospective in its application. Thus, it provides no assistance to petitioner since the taxable year in issue is 1979.

[6]See also sec. 894(a). It should be mentioned that treaties, together with the Constitution and the laws made pursuant thereto, are the supreme law of the land. U.S. Const. art. VI. If a treaty conflicts with an earlier enacted statute, the terms of the treaty prevail, since the most recent law controls. *Whitney v. Robertson*, 124 U.S. 190, 194 (1888).

Petitioner maintains that he is entitled to relief under section 7852(d). In specific, petitioner argues that the Convention Between the United States of America and Canada with Respect to Taxes on Income and on Capital (hereinafter treaty)[7] exempts him from self-employment tax.

The pertinent provisions of the above-mentioned treaty are as follows:

Article XIV Independent Personal Services.

Income derived by an individual who is a resident of a Contracting State in respect of independent personal services may be taxed in that State. Such income may also be taxed in the other Contracting State if the individual has or had a fixed base regularly available to him in that other State but only to the extent that the income is attributable to the fixed base.

Article XV Dependent Personal Services

* * * remuneration derived by a resident of a Contracting State in respect of an employment exercised in a calendar year in the other Contracting State shall be taxable only in the first-mentioned State * * *.

Article XXIX Miscellaneous Rules

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

2. Except as provided in paragraph 3, [8] nothing in the Convention shall be construed as preventing a Contracting State from taxing its residents * * * and, in the case of the United States, its citizens * * * as if there were no convention between the United States and Canada with respect to taxes on income and on capital.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

4. With respect to taxable years not barred by the statute of limitations ending on or before December 31 of the year before the year in which the Social Security Agreement between Canada and the United States * * * enters into force,[9] income from personal services not subject to tax by the United States under this Convention or the 1942 Convention shall not be considered wages or net earnings from self-employment for purposes of social security taxes imposed under the Internal Revenue Code.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

Article XXX Entry into Force

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

---

[7]U.S.T. , T.I.A.S. No. (l CCH Tax Treaties, par. 1301 (1984)).

[8]Arts. XIV and XV, as well as par. 4 of art. XXIX, are not excepted from the provisions of par. 2 of art. XXIX.

[9]See note 5 *supra*.

2. The Convention shall enter into force upon the exchange of instruments of ratification and * * * its provisions shall have effect:

$$* \quad * \quad * \quad * \quad * \quad * \quad *$$

(b) * * * with respect to taxable years beginning on or after the first day of January next following the date on which the Convention enters into force; and

(c) Notwithstanding the provisions of subparagraph (b), for the taxes covered by paragraph 4 of Article XXIX (Miscellaneous Rules) with respect to all taxable years referred to in that paragraph. * * *

Petitioner maintains that, pursuant to either article XIV or XV, the income he earned from personal services performed as a minister in Canada is taxable in Canada and not in the United States. Since his income is not subject to tax by the United States, petitioner reasons that, under paragraph 4 of article XXIX, such income is not "considered wages or net earnings from self-employment for purposes of social security taxes."

Petitioner's argument must fail because his reliance on articles XIV and XV of the treaty is misplaced. First, the instruments of ratification with respect to the treaty were exchanged August 16, 1984, and thus, those provisions were not in effect during the taxable year in issue. Second, even if those provisions of the treaty were in effect during 1979, we still disagree with petitioner's contention that the income he earned from personal services is not subject to taxation by the United States.[10] His argument fails to take into account the savings clause provision of the treaty, which is paragraph 2 of article XXIX. In construing a treaty, the provisions of the savings clause take precedence over the other provisions in the treaty, unless the other provisions are specifically excepted from the provisions of the savings clause. *Filler v. Commissioner*, 74 T.C. 406, 410-411 (1980). Paragraph 2 of article XXIX reserves the right of the United States to tax the income of its citizens as if the treaty were not in effect. Since articles XIV and XV are not excepted from the provisions of paragraph 2 of article XXIX, the savings clause controls and the income

---

[10]Petitioner did not argue that the income he earned was not subject to taxation by the United States pursuant to the Convention and protocol between the United States of America and Canada respecting double taxation, which was proclaimed by the President of the United States on June 17, 1942, and effective as of Jan. 1, 1941 (hereinafter 1942 Treaty). Accordingly, we need not resolve any question with respect to the applicability or effect of the 1942 Treaty.

petitioner earned is subject to taxation by the United States. Since his income is subject to tax by the United States, paragraph 4 of article XXIX is not applicable.[11]

Petitioner has not shown that he is exempt from the provisions of section 1401. Accordingly, and despite the able brief filed on petitioner's behalf, we uphold respondent's determination that the income earned by petitioner is subject to self-employment tax.[12]

To reflect the foregoing,

*Decision will be entered under Rule 155.*

---

[11]Since par. 4 of art. XXIX is not applicable in the instant case, we need not address the parties' arguments with respect to its scope.

[12]This Court recently addressed this issue in a comparable factual situation in *Priebe v. Commissioner*, T.C. Memo. 1986-162. In that case, we also found that the income earned by the taxpayer was subject to self-employment tax.