123 T.C. No. 3


UNITED STATES TAX COURT



JACK A. FLEISCHLI, a.k.a. JACK FORBES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 5766-03.                    Filed July 14, 2004.


        In 2000, P had a net profit of more than $16,000
from the practice of law.  P also earned $13,435 from
acting activities and had acting-related expenses of
$17,878 for 2000.

        A "qualified performing artist" may deduct from
gross income employee business expenses related to his
or her work as a performing artist if, inter alia, the
individual has adjusted gross income (before deducting
those business expenses) of not more than $16,000.
Sec. 62(a)(2)(B), (b)(1), I.R.C.  P contends that
"adjusted gross income" in sec. 62(b)(1)(C), I.R.C.,
includes only adjusted gross income from the
performance of services as a performing artist.

        <u>Held</u>: The term "adjusted gross income" in sec.
62(b)(1)(C), I.R.C., means the same as "adjusted gross
income" in sec. 62(a), I.R.C., and thus is computed
based on a taxpayer's gross income from all sources.

Jack A. Fleischli, pro se.

John D. Faucher, for respondent.


COLVIN, Judge:  Respondent determined a deficiency in petitioner's 2000 Federal income tax of $5,580 and an accuracy-related penalty under section 6662(a)[1] of $1,116.  Respondent concedes that petitioner is not liable for the section 6662(a) penalty.

After concessions, the issue for decision is whether, for purposes of section 62(b)(1)(C), adjusted gross income includes only a taxpayer's income from the performance of services as a performing artist, or whether it means the same as "adjusted gross income" in section 62(a) and thus is computed based on a taxpayer's gross income from all sources.[2]  We hold that it means the same as "adjusted gross income" in section 62(a).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. Petitioner resided in California when the petition was filed.

---

[1] Section references are to the Internal Revenue Code in effect for the applicable year.  Rule references are to the Tax Court Rules of Practice and Procedure.

[2] We need not decide whether the burden of proof shifts to respondent under sec. 7491(a), because the issue is one of law. See sec. 7491(a).

Petitioner was a self-employed practicing attorney in 2000. He earned a net profit of more than $16,000 from the practice of law in 2000.

Petitioner also worked as an actor in 2000. He used the professional name "Jack Forbes". In that year, he earned $13,435 from acting and had acting-related expenses of $17,878. He reported a net loss from acting on a Schedule C, Profit or Loss From Business, attached to his 2000 return.

During an examination of petitioner's 1999 return, respondent allowed petitioner to treat his acting expenses as adjustments to gross income for 1999.

Respondent determined that petitioner had adjusted gross income of more than $16,000 in 2000 and that, as a result, petitioner may not deduct his acting expenses of $17,878 as adjustments to gross income under section 62(a)(1) and (2)(B).[3]

OPINION

A.  Whether Adjusted Gross Income in Section 62(b)(1)(C) Includes Only Income From the Performance of Services as a Performing Artist

1.  Background

In computing adjusted gross income, a qualified performing artist may deduct from gross income employee business expenses incurred in connection with his or her performance of services in

---

[3] Respondent concedes that these expenses are unreimbursed employee expenses for 2000.

the performing arts as an employee.  Sec. 62(a)(2)(B).  A qualified performing artist is an individual: (1) Who performs services in the performing arts for at least two employers during the tax year and who receives at least $200 from each of two of these employers; (2) whose related performing arts expenses are more than 10 percent of such individual's gross income from the performance of those services; and (3) whose adjusted gross income is not more than $16,000 before deducting those business expenses.  Sec. 62(b)(1) and (2).  Respondent concedes that petitioner meets requirements (1) and (2).  The parties dispute whether petitioner had "adjusted gross income" for purposes of section 62(b)(1)(C) of more than $16,000 in 2000.

2.   Petitioner's Contentions Regarding the Statutory Language

Petitioner contends that the term "adjusted gross income" in section 62(b)(1)(C) includes only petitioner's gross income from acting activities, not his gross income from all sources.  We disagree.  "Adjusted gross income" is, in the case of an individual, gross income minus certain deductions.  Sec. 62(a)(1).[4]  Gross income includes all income from whatever source

---

[4] Sec. 62 provides, in pertinent part:

SEC. 62. ADJUSTED GROSS INCOME DEFINED.

(a) General Rule.--For purposes of this subtitle, the term "adjusted gross income" means, in the case of an individual, gross income minus the following

(continued...)

derived unless excluded by law.  Sec. 61(a).  Thus, in deciding whether petitioner qualifies under section 62(a)(2)(B) as a performing artist, we consider whether petitioner's adjusted gross income (computed based on his gross income from all sources) exceeds $16,000.

Section 62(b)(1)(B) provides that a qualified performing artist is an individual whose business expenses exceed 10 percent of his or her "gross income attributable to the performance of such services".  Petitioner contends that section 62(b)(1)(C), which imposes a ceiling on the amount of "adjusted gross income" an individual may earn during the tax year and qualify as a qualified performing artist, should be interpreted to mean the same as section 62(b)(1)(B), that is, to include only income from activities as a performing artist.  We disagree.  Section 62(b)(1)(C) refers to "adjusted gross income", not to "gross

_____

⁴(...continued)
deductions:

\*        \*        \*        \*        \*        \*        \*

     (2) Certain trade and business
deductions of employees.--

\*        \*        \*        \*        \*        \*        \*

     (B) Certain expenses of performing
artists.--The deductions allowed by section
162 which consist of expenses paid or
incurred by a qualified performing artist in
connection with the performances by him of
services in the performing arts as an
employee.

income from activities as a performing artist".  We assume that Congress intends a different meaning when it uses different language.  <u>United States v. Gonzales</u>, 520 U.S. 1, 5 (1997); <u>Iraola & CIA, S.A. v. Kimberly-Clark Corp.</u>, 232 F.3d 854, 859 (11th Cir. 2000); <u>Francisco v. Commissioner</u>, 119 T.C. 317, 323 (2002), affd. 370 F.3d 1228 (D.C. Cir. 2004).

Petitioner contends that respondent is estopped from contending that petitioner is not a qualified performing artist for 2000 because respondent determined that petitioner was a qualified performing artist in 1999.  We disagree.  The Commissioner is not bound in any year to allow a deduction permitted for another year.  See <u>Lerch v. Commissioner</u>, 877 F.2d 624, 627 n.6 (7th Cir. 1989), affg. T.C. Memo. 1987-295; <u>Hawkins v. Commissioner</u>, 713 F.2d 347, 351-352 (8th Cir. 1983), affg. T.C. Memo. 1982-451.

For purposes of section 62(b)(1)(C), adjusted gross income means a taxpayer's adjusted gross income from all sources. Petitioner's adjusted gross income exceeded $16,000 in 2000. Thus, petitioner was not a qualified performing artist under section 62(b)(1) and may not deduct from gross income his employee business expenses incurred as a performing artist.

B.    <u>Whether Application of Section 62(b)(1) Violates Petitioner's Constitutional Rights of Due Process</u>

Petitioner argues that the $16,000 ceiling in section 62(b)(1) unconstitutionally discriminates against performing

artists who earn more than $16,000 annually.  Petitioner cites Salt River Pima-Maricopa Indian Cmty. v. Yavapai County, 50 F.3d 739 (9th Cir. 1995), for the proposition that a tax is discriminatory if it is not imposed equally upon similarly situated groups, and contends that respondent's reading of "adjusted gross income" improperly discriminates between performing artists whose performing artist income does not exceed $16,000 and performing artists whose performing artist income does not exceed $16,000 but whose total income from all sources exceeds $16,000.  Petitioner also argues that the Internal Revenue Code unconstitutionally favors elementary and secondary school teachers, who may deduct employee business expenses up to $250 from their gross income regardless of the amount of income they earn, over artists.  See sec. 62(a)(2)(D), (d).  We disagree with these arguments.

A tax statute which provides different treatment for different classes of persons generally does not violate the Fifth Amendment if it has a rational basis.  Regan v. Taxation with Representation, 461 U.S. 540, 547 (1983); United States v. Md. Sav.-Share Ins. Corp., 400 U.S. 4, 6 (1970); Barclay & Co. v. Edwards, 267 U.S. 442, 450 (1925); Durham v. Commissioner, T.C. Memo. 2004-125.  Legislatures have particularly broad latitude in creating classifications and distinctions in tax statutes.  Regan v. Taxation with Representation, supra; Carmichael v. S. Coal &

Coke Co., 301 U.S. 495, 509-510 (1937); Cash v. Commissioner, 580 F.2d 152, 155 (5th Cir. 1978) (different tax rates for single and married taxpayers are constitutional), affg. T.C. Memo. 1977-405; Barter v. United States, 550 F.2d 1239, 1240 (7th Cir. 1977) (same). By limiting the tax deduction at issue here to artists with incomes under $16,000, Congress clearly intended to benefit low-income performing artists. We believe there is a rational basis for targeting the provision at issue here to performing artists with adjusted gross incomes not in excess of $16,000 because they have a greater need for assistance than higher income performing artists.

Petitioner points out that a statute, constitutionally valid when enacted, may become invalid by a change in the conditions to which it is applied, citing Baker v. Carr, 369 U.S. 186, 254, n.6 (1962), and contends that the $16,000 ceiling in section 62 violates due process because the statute contains no provision to adjust for inflation. Petitioner cites no authority, and we know of none, supporting his contention that Congress's failure to adjust for inflation the $16,000 ceiling in section 62(b)(1) invalidates the statute.

Finally, petitioner contends that we must carefully consider whether taxes imposed on performing artists, which petitioner views as a "politically impotent class", are discriminatory. See United States v. Onslow County Bd. of Educ., 728 F.2d 628, 642

(4th Cir. 1984).  Petitioner misconstrues "politically impotent class" to include performing artists.  The term "politically impotent class" refers to a class of people subject to tax but who are not allowed to vote.  <u>Id.</u>

We conclude that application of section 62(b)(1) to petitioner is constitutional and does not violate petitioner's constitutional rights to due process of law.

To reflect concessions and the foregoing,

<u>Decision will be entered</u>
<u>under Rule 155.</u>