T.C. Summary Opinion 2008-16

UNITED STATES TAX COURT

ROBERT LOUIS RUSTEN AND SUZAN VERONICA RUSTEN, DECEASED, KELLY
FARRIER, PERSONAL REPRESENTATIVE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8792-06S.            Filed February 19, 2008.

Robert Louis Rusten, pro se.

Kelly Farrier (personal representative), for Suzan Veronica
Rusten, Deceased.

Blaine Holiday, for respondent.

GOEKE, Judge:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect

at the time the petition was filed.[1]  Pursuant to section

_____

[1] Unless otherwise indicated, all section references are to
                                        (continued...)

7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

This case arises from respondent's notice of deficiency for the taxable year 1998, in which respondent determined a $6,012 deficiency in self-employment tax and a $1,202 section 6662 penalty.

This case involves income Mr. Rusten earned as a consultant in the railroad business. Mr. Rusten's consulting activities were primarily in Canada, and the difficulties in verifying the expenses Mr. Rusten incurred on behalf of his clients made this case factually complex. The self-employment tax is the only tax liability in question because respondent allowed a foreign tax credit, which eliminated petitioners'[2] basic income tax liability. On the record before us, we must decide: (1) Whether Mr. Rusten's self-employment income for 1998 is taxable in the United States; (2) whether petitioners' cost of goods sold was greater than the amount respondent allowed; and (3) whether petitioners are liable for a penalty under section 6662.

---

[1](...continued)
the Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]While Suzan Veronica Rusten is now deceased, references to "petitioners" are to Robert Louis Rusten and Suzan Veronica Rusten.

## Background

The trial of this case was held over 2 days during which Mr. Rusten and his administrative assistant testified, and the parties stipulated certain exhibits into the record.

Mr. Rusten was a citizen and a resident of the United States during 1998, but he worked in Canada as a consultant in the railroad industry. Mr. Rusten was an independent contractor associated with a company called CLN Industries International (CLN). Mr. Rusten assisted railroad companies by purchasing machinery such as locomotives, generators, and traction motors for them and by training their employees to make repairs and maintain the locomotives and cars.

Despite the fact that Mr. Rusten considered himself an independent contractor and was taxed as such in the United States, in Canada Mr. Rusten was taxed as an employee of CLN. CLN withheld the American equivalent of $21,011.53 of income taxes from Mr. Rusten's compensation and paid them to the Canada Revenue Agency. The income taxes withheld were reported on a T4A-NR, Statement of Fees, Commissions, or Other Amounts Paid to Non-Residents for Services Rendered in Canada. The Canadian Government retained these withheld income taxes.

Petitioners timely filed their 1998 Federal income tax return. Petitioners' return was audited for the taxable year 1998. After the first audit, the parties reached an agreement

that resulted in an increase in petitioners' taxable income by $12,385 as a result of an adjustment decreasing cost of goods sold by $15,182 and other adjustments that reduced taxable income.

After the second audit, respondent issued a notice of deficiency that increased petitioners' taxable self-employment income by an additional $68,638, primarily because of adjustments increasing by $70,572 the net profit reported on Schedule C, Profit or Loss From Business. Respondent based these adjustments on a series of deposits into petitioners' business checking accounts totaling $146,362. The second audit also resulted in the allowance of a foreign tax credit of $19,030, which eliminated petitioners' regular income tax liability.

Respondent also reduced the cost of goods sold for 1998 to $5,818 after the first audit. Exhibits and testimony at trial establish that this cost of goods sold figure does not include many of the expenses Mr. Rusten incurred buying equipment and materials for the railroads for which he provided consulting services. There was a great deal of testimony offered about other possible cost of goods sold items, but the records of income and expense petitioners produced at trial were disorganized and incomplete.

In the notice of deficiency, respondent also determined that petitioners were liable for a penalty under section 6662.

## Discussion

The first issue that we must decide is whether Mr. Rusten's self-employment income was properly subject to tax in the United States. Section 1401 imposes a tax on the self-employment income of every individual, including the income earned by an American citizen working in a foreign country. See Duncan v. Commissioner, 86 T.C. 971, 972 (1986). While section 911 excludes foreign earned income from gross income under certain circumstances, section 911 does not apply to self-employment income. Sec. 1402(a)(11). However, section 1401(c) provides that if there is an agreement in effect between the United States and a foreign country pursuant to section 233 of the Social Security Act, then self-employment income of an individual is exempt from American self-employment taxes to the extent that under the agreement the income is subject to tax under the Social Security system of the foreign country.

In order to minimize the risk of subjecting workers to both American and Canadian employment taxes, the United States and Canada signed a totalization agreement to allocate Social Security and other taxes (employment taxes) paid by workers who would otherwise be subject to both tax regimes. Agreement With Respect to Social Security, U.S.-Can., Mar. 11, 1981, 35 U.S.T. 3403. The totalization agreement was made pursuant to section 233 of the Social Security Act, and it governs self-employment

taxes. Therefore, under section 1401(c), the United States may not tax self-employment income to the extent that Canada has the right to tax such income under the totalization agreement. See id. art. II(1)(a)(ii).

Under article V of the totalization agreement, an employed person working in either the United States or Canada is subject to the employment taxes of only the country in which the person works. By contrast, if a person is self-employed and would otherwise be subject to self-employment taxes in both countries, the person is subject to the self-employment taxes of only the United States unless the person is a resident of Canada. If a person would be subject to employment taxes of both countries because he is considered by the United States to be self-employed and by Canada to be an employee, the tie-breaker rule is that the person will be treated as self-employed.

Mr. Rusten falls within this tie-breaker rule. The Internal Revenue Service has the exclusive right to tax him as a self-employed person residing in the United States, but without the tie-breaker rule the Canada Revenue Agency would have the right to tax him as an employee working in Canada. Unfortunately, the Canada Revenue Agency did not apply the tie-breaker rule, and any attempts that Mr. Rusten made to recover the Canadian taxes that CLN withheld from him were unsuccessful. Section 1401(c) offers no protection to Mr. Rusten because since Canada did not have the

right to tax the income he earned from work with CLN, that income was properly subject to self-employment tax in the United States.

While petitioners have unused foreign tax credits because of the income taxes that Mr. Rusten paid in Canada, those credits cannot be used to offset petitioners' self-employment tax liability. Under section 901(a), foreign tax credits are only allowed against the regular tax liability imposed by chapter 1 of subtitle A of the Code. See secs. 26(b), 27(a). However, petitioners' tax liability arises from self-employment taxes imposed by chapter 2 of subtitle A of the Code, and therefore may not be offset by foreign tax credits. See sec. 1401.

The second issue that we must decide is whether in determining petitioners' gross income respondent should have allowed a cost of goods sold greater than$5,518. Section 61 defines gross income as all income from whatever source derived. However, in determining gross income taxpayers may offset gross receipts by the cost of goods sold. Sec. 1.61-3(a), Income Tax Regs. Section 6001 and the regulations thereunder require taxpayers to maintain adequate books and records of their income and expenses. When taxpayers fail to meet their record-keeping obligations, the Commissioner is forced to reconstruct the taxpayers' income and expenses through indirect methods. Indirect methods of income reconstruction have long been accepted, so long as any method employed is reasonably reliable.

Giddio v. Commissioner, 54 T.C. 1530 (1970).  Having failed to establish the applicability of section 7491(a), petitioners have the burden of establishing additional amounts of cost of goods sold over the amount respondent has determined in the notice of deficiency.  See Rule 142(a).

Respondent reduced petitioners' cost of goods sold for 1998 to $5,818 after the first audit.  Exhibits and testimony at trial establish that this cost of goods sold figure is understated and that petitioners have substantiated additional costs of goods sold of $17,680, consisting of expenses that Mr. Rusten incurred buying equipment and materials for the railroads for which he provided consulting services.  Petitioners argue that there were additional cost of goods sold items, but the documentation in the record simply does not sustain any additional amounts.

Under section 6662(a) and (b)(1) and (2), taxpayers are liable for a penalty equal to 20 percent of the portion of the underpayment of tax attributable to negligence or to a substantial understatement of income tax.  A substantial understatement of tax exists if the amount of the understatement exceeds the greater of (1) 10 percent of the tax required to be shown on the return, or (2) $5,000.  Sec. 6662(d)(1)(A).

Respondent has satisfied his burden of production under section 7491(c) because petitioners understated their income tax by more than 10 percent and by more than $5,000.

Under section 6662(d)(2)(B)(i), the amount of a tax understatement may be reduced by the portion thereof that is attributable to the tax treatment of an item for which there was substantial authority. We find that given the unusual circumstances of this case, petitioners' underreporting of Mr. Rusten's self-employment tax was due to reasonable cause. Therefore, the penalty under section 6662 is not applicable.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155.</u>