FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 07 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TEMSCO HELICOPTERS, INC., | No. 09-35269 |
| Plaintiff-counter-defendant-Appellee, | D.C. No. 5:07-cv-00001-JWS |
| v. | MEM0RANDUM* |
| UNITED STATES OF AMERICA,, | |
| Defendant-counter-claimant-Appellant. | |

Appeal from the United States District Court
District of Alaska
John W. Sedwick, District Judge, Presiding

Argued July 16, 2010
Resubmitted September 27, 2010
Seattle, Washington

Before: RYMER and N.R. SMITH, Circuit Judges, and HART, District Judge.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable William Hart, United States District Judge for the Northern District of Illinois, sitting by designation.

The issue in this case is whether certain Alaskan helicopter sightseeing tours of Temsco Helicopters, Inc. ("Taxpayer"), which were primarily offered to passengers from cruise ships, were subject to the "Transportation Tax" imposed under § 4261 of the Internal Revenue Code during tax years 2001 through 2004. The sightseeing tours are exempt from the Transportation Tax unless the transportation was "operated on an established line." I.R.C. § 4281.[1] On cross-motions for summary judgment in which both sides relied on the same facts, the district court held the flights were not operated on an established line and therefore not subject to the Transportation Tax. The ruling on summary judgment is reviewed *de novo*. *Legal Aid Serv. of Or. v. Legal Serv. Corp.*, 608 F.3d 1084, 1093 (9th Cir. 2010). We hold that the undisputed facts only support that the flights were operated on an established line and that the flights were subject to the Transportation Tax. The judgment of the district court will be vacated and this case remanded for further proceedings to determine the amount of tax due. A remand is also necessary to determine whether the failure-to-pay penalty under I.R.C. § 6651(a)(2) is applicable.

A longstanding regulation defines "operated on an established line" as meaning: "operated with some degree of regularity between definite points. It

---

[1]All citations to the Internal Revenue Code (26 U.S.C.) and Treasury Regulations (26 C.F.R.) are to those in effect from 2001 through 2004.

does not necessarily mean that strict regularity of schedule is maintained; that the full run is always made; that a particular route is followed; or that intermediate stops are restricted. The term implies that the person rendering the service maintains and exercises control over the direction, route, time, number of passengers carried, etc." Treas. Reg. § 49.4263-5(c).

The "operated on an established line" language was taken from prior statutes imposing the same Transportation Tax on motor vehicle transportation. *See* H.R. Rep. No. 85-481, at 48-49 (1957), *reprinted in* 1958-3 C.B. 372, 419-20. Congress is presumed to have known of case law, regulations, and rulings construing the prior statute and to have intended § 4281 to be construed in the same manner. *See United States v. Hayes*, 129 S. Ct. 1079, 1086 (2009); *Gray Line Co. v. Granquist*, 237 F.2d 390, 394-95 (9th Cir. 1956). The regulation defines "operated on an established line" as having three elements: (a) operated with some degree of regularity, (b) operated between definite points, and (c) the operator maintained and exercised sufficient control.

Only some degree of regularity is required. The regulation itself states "strict regularity of schedule" is not required nor is it necessary that "the full run is always made." Treas. Reg. § 49.4263-5(c). During the pertinent time period, Taxpayer's tours were flown with sufficient regularity to satisfy the regularity

element.  *Gray Line*, 237 F.2d at 394; *Royce v. Squire*, 73 F. Supp. 510, 511-13 (W.D. Wash. 1947), *aff'd on other grounds*, 168 F.2d 250 (9th Cir. 1948).

Regulations establish that the between definite points requirement can be satisfied by continuous transportation beginning and ending at the same point. Treas. Reg. § 49.4261-1(c).  Also, satisfying the definite points requirement does not necessitate "that the full run is always made; that a particular route is followed; or that intermediate stops are restricted."  Treas. Reg. § 49.4263-5(c).  Since a passenger can only purchase the entire tour, the flight should be considered continuous transportation beginning and ending at the same point.  Even if the stop on the glacier makes each tour two trips--to and from the glacier--the definite points requirement is satisfied.  Although the exact landing spot on the glacier varies with the conditions of each day, it is sufficiently definite in that the destination is a particular glacier.  *Cf. Gray Line*, 237 F.2d at 392 (pickup and dropoff point could vary from the designated locations as long as it was in the general direction of the route).

Contrary to Taxpayer's contention, being contracted to provide particular tours does not preclude Taxpayer from satisfying the control element.  Taxpayer still decides what tours to offer, when to schedule flights, the route to take, and

where to land.  It also decides the maximum number of passengers allowed and whether to cancel a flight for insufficient sales.

The sightseeing flights at issue were operated as an established line and therefore are subject to the Transportation Tax.

The Transportation Tax is payable by the purchaser of transportation.  I.R.C. § 4261(d).  The provider of transportation is to collect the tax and pay it over to the government.  Internal Revenue Code § 4263(c) provides, if the Transportation Tax is not collected from the purchaser, "under regulations prescribed by the Secretary," the carrier shall pay the tax to the government.  As the carrier, Taxpayer was required to pay the Transportation Tax even though it was not collected.  Taxpayer contends it is not so required because the Secretary never implemented the related regulations.  In certain situations, a tax statute will not be enforceable until related regulations required by the statute are issued.  In determining whether implementing regulations are a precondition to enforcement, the Tax Court has looked for explicit language supporting such a conclusion, has considered legislative history, and has considered whether the statute can be applied without further explication in a regulation.  *See Francisco v. Comm'r*, 119 T.C. 317, 322-23 (2002), *aff'd on other grounds*, 370 F.3d 1228, 1230 n.1 (D.C. Cir. 2004).  The language of the statute and its legislative history do not

establish that regulations are a precondition to applying § 4263(c). Further, § 4263(c) states a straightforward requirement that, when the Transportation Tax is not collected, the carrier for the first segment must pay it. There is already a procedure in place for computing the Transportation Tax and paying it to the government after it is collected from the purchaser of transportation. Additionally, nothing in § 4263(c) requires that the government first attempt to collect the Transportation Tax from the purchasers of the tours.

Taxpayer contends a 1994 audit estops the government from contending the Transportation Tax applies to tours provided in 2001 through 2004. Estoppel of the government, however, requires *inter alia* a showing of a deliberate lie or a pattern of false promises. *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1184 (9th Cir. 2001) (en banc). Taxpayer has not satisfied that requirement for estoppel. Alternatively, Taxpayer contends that fairness requires that the Transportation Tax, which has not been collected from purchasers, be applied only prospective to the 2005 audit determination. Regulations, however, do not require prospective application when a prior audit determination is inconsistent with a later audit determination. Retroactive application of a new ruling is only called for when certain requirements are satisfied regarding a change from a prior regulation, revenue ruling, written ruling of the National Office, or a letter determination. *See*

I.R.C. § 7805(b); Treas. Reg. § 601.201. The retroactivity rules do not apply to determinations made by agents as part of an audit and, even if the retroactivity rules were applicable, Taxpayer has not shown that the agent who made the 1994 determination was aware of all material facts or that facts did not change between 1994 and 2001.

Taxpayer contends IRS's tax assessment was inaccurate and, therefore, the government is now precluded from proving the correct amount of Transportation Tax. The government concedes there were some inaccuracies and that factual disputes exist as to the amount due. The government, however, is not precluded from proving an amount is due other than the figure set forth in the assessment. At most, the assessment would lose its presumption of correctness and the burden would shift back to the government to prove the amount of tax due. *See In re Olshan*, 356 F.3d 1078, 1084 (9th Cir. 2004).

Taxpayer contends the government cannot impose any penalty because, in light of the 1994 audit determination, Taxpayer's failure to collect and pay the Transportation Tax was not willful. The government contends it can impose a § 6651(a)(2) failure-to-pay penalty, which does not require willfulness. A § 6651(a)(2) penalty, though, is not added to the tax if it is shown the failure to pay

"is due to reasonable cause and not due to willful neglect." Whether facts support the imposition of this penalty is left for the district court to determine on remand.

The judgment of the district court is vacated and the case remanded for a determination of the amount of Transportation Tax due and any related penalty.

**VACATED AND REMANDED.**