T.C. Summary Opinion 2012-12

UNITED STATES TAX COURT

ANDREA READY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18113-09S.                     Filed February 1, 2012.

Andrea Ready, pro se.

<u>Robert Talbert Little</u>, <u>H. Barton Thomas, Jr.</u>, and <u>Mayer Y. Silber</u>, for respondent.

SUMMARY OPINION

LARO, Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code (Code) in effect when the petition was filed.[1] Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies of $2,941 and $2,343 in petitioner's 2006 and 2007 Federal income taxes, respectively, and accuracy-related penalties under section 6662(a) of $588 and $469, respectively.  Following respondent's concessions that petitioner is not liable for the accuracy-related penalties, we decide two issues.  First, we decide whether petitioner, a dual citizen of the United States and the United Kingdom residing in France, may exclude from her income any wages that she earned as a flight attendant, pursuant to the Convention for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion With Respect to Taxes on Income and Capital, U.S.-Fr., Aug. 31, 1994, 1963 U.N.T.S. 67, Tax Treaties (CCH) par. 3001 (Convention).  We hold she may not.  Second, we decide whether petitioner may exclude from her income wages attributable to services

---

[1]Unless otherwise indicated, subsequent section references are to the applicable version of the Code, and Rule references are to the Tax Court Rules of Practice and Procedure.  Dollar amounts are rounded.

performed in the United States or in international airspace under section 911. We hold she may not.

## Background

The parties submitted this case to the Court for decision without trial under Rule 122. The stipulation of facts and the exhibits submitted therewith are incorporated herein by this reference. We find the stipulated facts accordingly. Petitioner resided in Paris, France (Paris), when the petition was filed.

Petitioner is a dual citizen of the United States and the United Kingdom, and she was a resident of France during the years at issue. At all relevant times, she worked for United Airlines, Inc. (United), as a flight attendant. She has been employed with United since at least 1995.

United transferred petitioner to work from Paris Charles de Gaulle Airport at Roissy (CDG) in 1995, and she took residence in Paris at that time. In 2006 United transferred petitioner again, this time from CDG to London Heathrow Airport (LHR) in London, England (London). Despite the transfer, petitioner continued to reside in Paris, and she commuted between Paris and London at her own expense. During each of the years at issue, petitioner serviced roundtrip flights departing from CDG or LHR.

Petitioner earned wages of $45,354 and $39,099 from United in 2006 and 2007, respectively, and she reported those amounts on her Federal income tax returns for those years (2006 and 2007 returns). Attached to each of the 2006 and 2007 returns was Form 2555-EZ, Foreign Earned Income Exclusion, claiming that all of petitioner's wages for those years were foreign earned income excluded from gross income under section 911. Neither return disclosed petitioner's position that her income was excluded pursuant to the Convention. See sec. 6114(a) (a taxpayer claiming that a treaty overrules or modifies a Federal tax law must disclose that position to the Commissioner).

The parties stipulated that with respect to 2006, $25,922 of petitioner's wages was attributable to services performed in France, in the United Kingdom, or in the airspace over a foreign country; and $19,432 was attributable to services performed in the United States or in international airspace. The parties also stipulated that with respect to 2007, $22,919 of petitioner's wages was attributable to services performed in France, in the United Kingdom, or in the airspace over a foreign country; and $16,180 was attributable to services performed in the United States or in international airspace. Finally, the parties stipulated that petitioner did not pay any creditable income, war profits, or excess profits taxes for 2006 or 2007.

Following an audit of the 2006 and 2007 returns, respondent issued to petitioner a notice of deficiency increasing her taxable income by $29,678 and $26,001, respectively.[2] The notice of deficiency acknowledged petitioner's status as a flight attendant who is a member of a flight crew but stated that the "portion of income from performing services within/over international waters and airspace is not earned in a foreign country and therefore not excludable." The notice of deficiency explained that respondent adjusted petitioner's foreign earned income exclusion amounts because "much of the income" that she earned was not from foreign sources. In response to the notice of deficiency, petitioner petitioned the Court on July 27, 2009, and she amended the petition on September 4, 2009.

On July 19, 2010, petitioner sought relief from the French Ministry of Finance under article 26, paragraph 1 of the Convention on the ground that she had been subjected to double taxation, in France and the United States.[3] Her

---

[2]These adjustments have since decreased by virtue of the parties' stipulations that petitioner performed greater services in France, in the United Kingdom, or in the airspace over a foreign country than originally determined.

[3]The Convention allows a person who considers the actions of France and/or the United States to be in violation thereof to present his or her case to the competent authority of the country in which that person resides or is nationalized. Convention art. 26, para. 1. At the discretion of the competent authority to which the request is made, the American and French competent authorities will endeavor to resolve any perceived inconsistency by way of mutual agreement. Id. para. 2.

(continued...)

competent authority request was assigned to Samia Abdelghani-Arras. Ms. Abdelghani-Arras informed petitioner that her request for mutual agreement procedure was on the agenda for the October 2010 meeting between the U.S. Department of the Treasury and the French Ministry of Finance.

At some point before November 22, 2010, the French competent authority requested commencement of mutual agreement discussions with respect to petitioner's request for assistance. As this case was docketed before the Court, the U.S. competent authority sought the consent of the Associate Chief Counsel (International) with respect to the request for assistance. See Rev. Proc. 2006-54, sec. 7.03, 2006-2 C.B. 1035, 1042. On or about November 22, 2010, the Associate Chief Counsel (International) declined to accept petitioner's request for competent authority assistance.[4]

---

[3](...continued)
Where an agreement is reached, that decision is implemented without regard to any contrary domestic laws. See id.

[4]On brief, petitioner states that an individual with the Internal Revenue Service (IRS) contacted her by telephone on May 12, 2011, and stated that the IRS would mail her a letter about the possibility of refiling her competent authority request. As of June 6, 2011, petitioner had not received that letter.

## Discussion

Petitioner first contends that income which she earned during each of the years at issue is excluded from Federal income taxation pursuant to article 15, paragraph 3 of the Convention, concerning dependent personal services. Respondent replies that because petitioner is a U.S. citizen, article 15, paragraph 3 is superseded by the saving clause of the Convention, article 29, paragraph 2, and that her Federal income tax consequences are determined under the Code. We agree with respondent.

We begin our analysis with the relevant provisions of the Convention. Article 15, paragraph 3 provides that "remuneration derived by a resident of a Contracting State in respect of an employment exercised as a member of a regular complement of a ship or aircraft operated in international traffic shall be taxable only in that State." Reading article 15, paragraph 3 in isolation from the remainder of the Convention supports petitioner's claim that income she earned while in international traffic and as a French resident is taxable in France alone. However, as respondent justly points out, the scope of article 15, paragraph 3 has limited application for a U.S. citizen by virtue of the saving clause of article 29, paragraph 2. The saving clause specifies that the United States may tax its residents and citizens as if the Convention had not come into effect, subject only

to the provisions of article 29, paragraph 3 relating to, among other things, relief from double taxation.

The saving clause "preserves the right of the United States to tax its own citizens in accordance with its own laws." Filler v. Commissioner, 74 T.C. 406, 410 (1980). The effect of a tax treaty's saving clause is to nullify the application of other treaty provisions for a U.S. citizen such as petitioner. See Duncan v. Commissioner, 86 T.C. 971, 974-975 (1986) (Canadian treaty); Filler v. Commissioner, 74 T.C. at 409-410 (French treaty); Priebe v. Commissioner, T.C. Memo. 1986-162, T.C.M. (P-H) para. 86,162, at 86-715 (Canadian treaty); see also Treasury Department Technical Explanation of the Convention (Technical Explanation), Tax Treaties (CCH) para. 3060, at 75,271 (explaining article 15); cf. Crow v. Commissioner, 85 T.C. 376, 392-392 (1985) (holding that the saving clause of the U.S.-Canada income tax treaty was not applicable to an expatriate who had relinquished his U.S. citizenship). The Federal income tax consequences to petitioner, a U.S. citizen, on income she earned while residing in France are determined under the Code and not the Convention.

Before deciding petitioner's Federal tax treatment under the Code, we must first address petitioner's claim that she is being subjected to double taxation in contravention of the goals of the Convention. According to petitioner, elevating

the saving clause above the dependent personal services provision ignores the "systemic difference" in how the United States and France raise revenue. While we recognize the differences in treatment between the U.S. and French tax systems, we decline to conclude that the Convention is being violated.

France and the United States agreed to take certain measures to relieve their residents and/or citizens from double taxation and memorialized that agreement in article 24 of the Convention. To achieve this goal, the United States uses foreign tax credits, whereas France employs a combination of foreign tax credits and exemptions. See Technical Explanation, Tax Treaties (CCH) para. 3060, at 75,279. The credits which the United States consented to under the Convention are determined under the provisions (and subject to the limitations) of U.S. law, so long as the general principle of article 24 (i.e., allowance of the credit) is respected. Id.

More specifically, under paragraph 1(b) of article 24, the United States agreed to allow as a credit against the "United States income tax" only the amount of "the French income tax paid". France, on the other hand, agreed to allow (in the case of compensation for dependent personal services) a credit equal to "the amount of French tax attributable to such income." See Convention art. 24, para. 2(a)(1). The United States relies upon sections 901 through 904 to fulfill its

commitment under article 24. Subject to the limitation of section 904, section 901(a) and (b)(1) authorizes a U.S. citizen to elect to claim a foreign tax credit against his or her Federal income tax liability for "the amount of any income, war profits, and excess profits taxes paid or accrued during the taxable year to any foreign country". The Supreme Court concluded long ago that the U.S. foreign tax credit mitigates the "evil of double taxation." Burnet v. Chi. Portrait Co., 285 U.S. 1, 7 (1932); see also Am. Chicle Co. v. United States, 316 U.S. 450, 452 (1942).

In Filler v. Commissioner, 74 T.C. at 409-410, we decided whether a U.S. citizen residing in France was subjected to double taxation on the portions of his income allocated to U.S. sources under the 1967 version of the Convention. Presented with a similar argument from the taxpayer in Filler, we concluded that rules in the 1967 version of the Convention regarding relief from double taxation were not violated because "a fair reading of * * * [the saving clause] indicates that * * * [the taxpayer] is entitled to a tax credit from France, and not the United States, in respect of compensation for services performed in the United States." Id. at 411. In the light of the Supreme Court's opinion on the matter and our decision in Filler, we reject petitioner's claim that she is being unfairly subjected to double taxation in violation of the Convention. It follows that because petitioner did not pay French

income tax, she is not entitled to a foreign tax credit from the United States under the Convention or section 901(a).[5]

In her amended petition, petitioner asserts that all of her wages are excludable from Federal income taxation as foreign earned income under section 911. Respondent counters that while petitioner may exclude income earned in or over a foreign country as foreign earned income, she may not exclude income earned in the United States or in international airspace. We agree with respondent.

It is a fundamental principle of tax law that U.S. citizens are subject to Federal income taxation on their worldwide income. See Cook v. Tait, 265 U.S. 47, 56 (1924); Huff v. Commissioner, 135 T.C. 222, 230 (2010). The fact that a U.S. citizen maintains dual citizenship does not preclude the United States from taxing that individual. See Estate of Vriniotis v. Commissioner, 79 T.C. 298, 305 (1982); Gamal-Eldin v. Commissioner, T.C. Memo. 1988-150, T.C.M. (P-H) para. 88,150, at 88-805 n.2, aff'd without published opinion, 876 F.2d 896 (9th Cir. 1989). Petitioner, as a U.S. citizen, is subject to Federal income taxation on her worldwide income as provided by the Code.

_____

[5]Although petitioner claims on brief that she paid one euro of "symbolic" French income tax, she is not entitled to a credit under sec. 901(a) because she failed to submit evidence that she paid the tax. See Rules 142(a), 122(b).

Section 1 imposes an income tax on the taxable income of every individual who is a citizen or resident of the United States. See sec. 1.1-1(a)(1), Income Tax Regs. Section 63(a) generally defines taxable income as gross income less allowable deductions. Section 61(a) in turn provides that gross income includes "all income from whatever source derived," unless excludable under a specific provision of the Code. Compensation for services such as wages is an enumerated gross income item. Sec. 61(a)(1).

Section 911(a) provides one exclusion from gross income in that it permits a qualifying individual to elect to exclude foreign earned income. Section 911(b)(1) specifies that the term "foreign earned income" means income received by an individual from sources within a foreign country which constitutes earned income attributable to services performed during the period in which the individual was (1) a bona fide resident of a foreign country for an uninterrupted period of at least one year, or (2) physically present in a foreign country for at least 330 full days during any period of 12 consecutive months. See sec. 911(d)(1)(A) and (B). The regulations under section 911 specify that "Earned income is from sources within a foreign country if it is attributable to services performed by an individual in a foreign country or countries." Sec. 1.911-3(a), Income Tax Regs.

The parties agree that petitioner is a qualifying individual to whom section 911 applies, and they apparently agree that she properly elected to exclude her foreign-sourced income.[6] They do not agree, however, whether income earned in the United States or in international airspace is compensation attributable to services performed in a foreign country. We conclude it is not.

The term "foreign country", for purposes of section 911, is defined by regulation in a geographical sense. Specifically, a "foreign country" includes "any territory under the sovereignty of a government other than that of the United States" and "the air space over the foreign country", as well as other locales. Sec. 1.911-2(h), Income Tax Regs. Section 861(a)(3) provides that compensation for labor or personal services performed in the United States is sourced to the United States. Accordingly, we hold that petitioner must include income attributable to services performed in the United States in her gross income.

We similarly conclude that petitioner must include in gross income, without exclusion, compensation attributable to services performed in international airspace. In Rogers v. Commissioner, T.C. Memo. 2009-111, 97 T.C.M. (CCH) 1573, 1575

---

[6]Sec. 1.911-7(a)(1), Income Tax Regs., provides that a taxpayer elects to exclude foreign earned income under sec. 911(a)(1) and the housing cost amount under sec. 911(a)(2) on Form 2555, Foreign Earned Income, or a comparable form.

(2009), we concluded that income earned by a flight attendant while in international airspace was not foreign earned income and had to be included in the taxpayer's gross income. The taxpayer in Rogers, like petitioner, was a U.S. citizen residing abroad and working as a flight attendant for United. In holding that the taxpayer in Rogers could not exclude income earned while in international airspace, we reasoned that income earned in international airspace was akin to income earned in international waters. Id. We see no cause for disturbing our holding in Rogers, and we rely upon its reasoning to hold that petitioner may not exclude income earned in international airspace under section 911.[7]

The parties agree that petitioner earned wages attributable to services performed in the United States or in international airspace of $19,432 and $16,180 in 2006 and 2007, respectively. Those amounts are includible in gross income by virtue of section 61(a)(1) and, for the reasons stated above, are not excludable under section 911. The parties also agree that petitioner earned wages attributable to services performed in foreign countries or over the airspace of a foreign country

---

[7]Petitioner does not assert, and we do not conclude, that income earned in international airspace is non-U.S.-source income under sec. 862(a)(3). Cf. Francisco v. Commissioner, 119 T.C. 317, 327 (2002) (income earned by a U.S. citizen and resident of American Samoa from personal services performed in international waters was U.S. source income), aff'd, 370 F.3d 1228 (D.C. Cir. 2004).

of $25,922 and $22,919 in 2006 and 2007, respectively. These amounts are excludable as foreign-source income because they are attributable to services performed in a foreign country and do not exceed the limitations imposed by section 911(b)(2). Respondent's determination, as it will be modified in a Rule 155 computation to reflect adjustments to petitioner's foreign earned income and her nonliability for the accuracy-related penalties, is sustained.

We have considered all arguments made by petitioner for a contrary holding, and to the extent not discussed above, we find them to be irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.