T.C. Memo. 2008-138

UNITED STATES TAX COURT

RICHARD CLARKE RANDALL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24992-06.                    Filed May 20, 2008.

        R determined a deficiency and a penalty under sec.
6662, I.R.C., for 2004.  The deficiency and sec. 6662,
I.R.C., penalty were based on P's failure to include
amounts reported on Forms 1099-MISC on his Federal
income tax return.

        <u>Held</u>:  R's determinations are sustained.

        <u>Held</u>, <u>further</u>:  P is liable for a sec. 6673,
I.R.C., penalty.

Richard Clarke Randall, pro se.

<u>Steven I. Josephy</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  This case is before the Court on a petition for redetermination of a deficiency.  The issues for decision are:

(1) Whether petitioner had unreported nonemployee income for 2004;

(2) whether petitioner is liable for the section 6662(a) accuracy-related penalty for 2004;[1] and

(3) whether the Court should sua sponte impose upon petitioner a section 6673 penalty.

FINDINGS OF FACT

Some of the facts have been stipulated.  These stipulations, with accompanying exhibits, are incorporated herein by this reference.  At the time the petition was filed petitioner resided in Colorado.

Petitioner's 2004 Form 1040EZ, Income Tax Return for Single and Joint Filers With No Dependents, was received by the Internal Revenue Service on August 17, 2005.  Petitioner's Form 1040EZ reflected zero wages on line 1, and taxable interest of $322.61 on line 2.  Petitioner attached to his Form 1040EZ a Form 1099-DIV, Dividends and Distributions, from Southern Company which

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986 (Code), as amended and in effect for the year in issue.

reflected that petitioner had received total ordinary dividends of $260.44 and that no Federal income tax had been withheld. Petitioner also attached a Form 1099-INT, Interest Income, from Firstbank of Arapahoe County, which reflected $62.17 in interest income and that no Federal income tax had been withheld.

In addition, petitioner attached to his Form 1040EZ four Forms 1099-MISC, Miscellaneous Income, from the following payers reflecting the following nonemployee compensation:  (1) Labtest Int'l Inc., $38,358.60, (2) Network Courier Services, Inc., $12,231.59, (3) NATIONAL QUALITY ASSURANCE USA, INC., $33,275, and (4) NQA LABORATORY SERVICES, INC., $900.  All of the Forms 1099-MISC had the nonemployee compensation amount crossed out and replaced with a handwritten zero, as well as the following typed notation at the bottom of the form:

> This corrected Form 1099-MISC is submitted to rebut a document known to have been submitted by the party identified above as "PAYER" which erroneously alleges a payment to the party identified above as the "RECIPIENT" OF "gains, profit or income" made in the course of a "trade or business".  Under penalties of perjury, I declare that I have examined this statement and to the best of my knowledge and belief, it is true, correct, and complete.
>
> [Signature]
>
> Richard C. Randall
> 15 August, 2005

All of the Forms 1099-MISC reflected that no Federal income tax had been withheld from the nonemployee compensation paid to petitioner.

On May 22, 2006, respondent mailed to petitioner a Notice CP2000, We Are Proposing Changes To Your Tax Return, that reflected a tax increase of $26,519, a $5,304 penalty, and interest (if paid by June 21, 2006) of $2,590.  In response, petitioner sent respondent a letter containing frivolous and meritless tax-protester arguments.  Specifically, petitioner alleged that the Internal Revenue Service must recognize the altered Forms 1099-MISC that he submitted with his "zero return", that "the income tax is a tax on gains from voluntary involvement in federal activities", "the income tax is an excise tax (which is a tax on exercising a privilege)", and "The monies that I received from all of the corporations * * * during 2004 was non-privileged compensation to a private, self-employed, natural person; not subject to being reported via the 1099-MISC form."

On September 11, 2006, respondent mailed to petitioner the aforementioned notice of deficiency.  The notice reflected a deficiency in petitioner's 2004 Federal income tax of $26,519 based on the inclusion in petitioner's taxable income of the $84,764 reported on the Forms 1099-MISC.  The notice further reflected an accuracy-related penalty pursuant to section 6662(a) of $5,304.  Petitioner filed a timely petition with this Court in which he asserted:

> The Petitioner requests a Writ of Mandamus ordering the
> I.R.S. to process the properly submitted 1040EZ tax
> return.

Four separate entities (LABTEST INT'L INC, NETWORK COURIER SERVICES INC., NATIONAL QUALITY ASSURANCE USA INC., and NQA LABORATORY SERVICES INC.) each submitted separate 1099-MISC forms (as the "PAYER") erroneously alleging a payment to the party identified as the "RECIPIENT" of "gains, profit or income" made in the course of a "trade or business". I, the Petitioner, rebutted each of these allegations in a 1040EZ submitted to the IRS.

Petitioner is no stranger to this Court. In Randall v. Commissioner, T.C. Memo. 2007-1, affd. without published opinion 100 AFTR 2d 6946, 2007-2 USTC par. 50,839 (10th Cir. 2007), in which the facts were almost identical to those in the instant case, the Court concluded that "Petitioner's argument is clearly without merit, and we hold that the amounts of nonemployee compensation received by petitioner are includable in his taxable income for 2003." The Court also found petitioner liable for the section 6662(a) accuracy-related penalty for taxable year 2003. See id.

In the instant case, a trial was held on October 30, 2007, in Denver, Colorado. Petitioner filed with the Court a pretrial memorandum full of frivolous and meritless arguments, such as his contention, which he also made in his case regarding his 2003 taxable year, that his nonemployee compensation

was received in exchange for services provided by the Petitioner acting as a private, self-employed, natural person pursuing an occupation of common right, which if taxed, would necessarily fall within the class of a direct tax. Therefore, the compensation received by the Petitioner was non-privileged earnings; not subject to 1099-MISC reporting as the Petitioner, Richard C. Randall, does not meet the criteria of a "Trade or

Business" as defined in U.S.C. Title 26, Subtitle F, Chapter 79, Sec. 7701,(a),(26) or U.S.C. Title 26, Subtitle A, Chapter 2, Sec. 1402,(c),(1).

Petitioner also made frivolous and meritless arguments regarding the Sixteenth Amendment to the U.S. Constitution.[2] During trial, petitioner repeatedly argued that his nonemployee compensation was not taxable.

OPINION

I.   Nonemployee Compensation

Section 61(a) provides that "gross income means all income from whatever source derived", including compensation for services and interest.  Petitioner does not dispute that he received the amounts listed on the Forms 1099-MISC.  Rather, he argues that the amounts are not taxable.  Petitioner's arguments are frivolous and meritless tax-protester arguments that have been rejected by this and other courts.  See generally Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir. 1986); Ficalora v. Commissioner, 751 F.2d 85, 87-88 (2d Cir. 1984); Abrams v. Commissioner, 82 T.C. 403 (1984); Watson v.

_____

[2]Our tax system, the Code, and the Tax Court have been firmly established as constitutional. Crain v. Commissioner, 737 F.2d 1417, 1417-1418 (5th Cir. 1984); Ginter v. Southern, 611 F.2d 1226, 1229 (8th Cir. 1979). Specifically, the Court notes that the "Federal income tax laws are constitutional. * * * The whole purpose of the 16th Amendment was to relieve all income taxes when imposed from apportionment and from a consideration of the source whence the income was derived." Abrams v. Commissioner, 82 T.C. 403, 406-407 (1984).

Commissioner, T.C. Memo. 2007-146; Randall v. Commissioner, supra; Brunner v. Commissioner, T.C. Memo. 2004-187, affd. 142 Fed. Appx. 53 (3d Cir. 2005); Oldland v. Kurtz, 528 F. Supp. 316, 320 (D. Colo. 1981).

Petitioner also argued, for the first time at trial, that "Some portion of the monies received were reimbursements for expenses", specifically $11,033 of the $38,358 he received from Lab Test Int'l, and $10,800 of the $12,231 he received from Network Courier Services, Inc. Petitioner also claimed that he incurred $8,285 in "occupation-related expenses". Petitioner did not present any evidence to substantiate these expenses other than his vague testimony, and he admitted at trial that he had not provided any documentation to the Internal Revenue Service regarding his alleged expenses. Petitioner's uncorroborated testimony cannot serve to establish that he incurred expenses. Accordingly, the Court sustains respondent's deficiency determination.

## II.   Section 6662 Accuracy-Related Penalty

Under section 7491(c), respondent bears the burden of production with respect to petitioner's liability for the section 6662(a) penalty. This means that respondent "must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty." Higbee v. Commissioner, 116 T.C. 438, 446 (2001). The Court concludes that respondent has met the

section 7491(c) burden of production with respect to the section 6662 penalty for 2004.  As explained below, the Court concludes that petitioner substantially understated his Federal income tax for 2004 and that the deficiency is attributable to petitioner's negligence.

Subsection (a) of section 6662 imposes an accuracy-related penalty in the amount of 20 percent of any underpayment that is attributable to causes specified in subsection (b).  Among the causes justifying the imposition of the penalty are (1) negligence or disregard of rules or regulations and (2) any substantial understatement of income tax.

Section 6662(c) defines negligence as "any failure to make a reasonable attempt to comply with the provisions of this title".  Regulations promulgated under section 6662 provide that "'Negligence' also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. * * *  Negligence is strongly indicated where--(i) A taxpayer fails to include on an income tax return an amount of income shown on an information return".  Sec. 1.6662-3(b)(1), Income Tax Regs.  "[D]isregard" is defined to include "any careless, reckless, or intentional disregard."  Sec. 6662(c).  Under caselaw, "'Negligence is a lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances.'"  Freytag v. Commissioner, 89 T.C. 849, 887

(1987) (quoting <u>Marcello v. Commissioner</u>, 380 F.2d 499, 506 (5th Cir. 1967), affg. on this issue 43 T.C. 168 (1964) and T.C. Memo. 1964-299), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991).

There is a "substantial understatement" of income tax for any taxable year where the amount of the understatement exceeds the greater of (1) 10 percent of the tax required to be shown on the return for the taxable year or (2) $5,000. Sec. 6662(d)(1)(A). However, the amount of the understatement is reduced to the extent attributable to an item (1) for which there is or was substantial authority for the taxpayer's treatment thereof, or (2) with respect to which the relevant facts were adequately disclosed on the taxpayer's return or an attached statement and there is a reasonable basis for the taxpayer's treatment of the item. See sec. 6662(d)(2)(B).

There is an exception to the section 6662(a) penalty when a taxpayer can demonstrate (1) reasonable cause for the underpayment and (2) that the taxpayer acted in good faith with respect to the underpayment. Sec. 6664(c)(1). Regulations promulgated under section 6664(c) further provide that the determination of reasonable cause and good faith "is made on a case-by-case basis, taking into account all pertinent facts and circumstances." Sec. 1.6664-4(b)(1), Income Tax Regs.

In the instant case, there is a substantial understatement of income tax as well as negligence on petitioner's part. Petitioner's 2004 Form 1040EZ shows total tax due of zero. Respondent determined a deficiency of $26,519. The deficiency, which is both greater than $5,000 and greater than 10 percent of the amount required to be shown on the return, is a substantial understatement within the meaning of section 6662(d). In addition, the deficiency is attributable to negligence as petitioner failed to include the amounts listed on the Forms 1099-MISC on his 2004 Form 1040EZ. See sec. 1.6662-3(b)(1)(i), Income Tax Regs. The Court concludes that petitioner did not act with reasonable cause or in good faith.[3] Accordingly, the Court concludes that petitioner is liable for the section 6662 penalty for taxable year 2004.

III. Section 6673 Penalty

Section 6673(a)(1) authorizes the Tax Court to impose a penalty not in excess of $25,000 on a taxpayer for proceedings instituted primarily for delay or in which the taxpayer's position is frivolous or groundless. "A petition to the Tax Court, or a tax return, is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument

---

[3]At trial, petitioner argued that he acted with reasonable cause and in good faith, as evidenced by his pretrial memorandum. The Court found all of petitioner's arguments in his pretrial memorandum to be timeworn frivolous and meritless tax-protester arguments.

for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).

The Court may sua sponte impose a section 6673 penalty against a taxpayer. Pierson v. Commissioner, 115 T.C. 576, 580-581 (2000). Petitioner's argument that his nonemployee compensation is not taxable is frivolous and without merit. Petitioner raised the same arguments in his previous Tax Court case. See Randall v. Commissioner, T.C. Memo. 2007-1. The opinion in petitioner's previous case was filed on January 3, 2007, which gave petitioner ample time to reconsider his position before he made the same frivolous and meritless tax-protester arguments in his pretrial memorandum and at trial. Petitioner was warned by the Court during trial that he could be subject to the section 6673 penalty if he continued to raise frivolous and meritless arguments, and he still persisted with his arguments. The Court concludes that petitioner is liable for a section 6673 penalty in the amount of $1,000. In setting the penalty at $1,000, the Court has taken into consideration that when petitioner filed his pretrial memorandum and when this case was tried on October 30, 2007, the U.S. Court of Appeals for the Tenth Circuit had not yet decided his appeal of the Tax Court decision regarding his 2003 taxable year. Petitioner should not expect such lenient treatment in any similar future case.

The Court has considered all of petitioner's contentions, arguments, requests, and statements.  To the extent not discussed herein, the Court concludes that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.