T.C. Memo. 2008-228

UNITED STATES TAX COURT

PATRICK S. ARNOLD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos.   708-06, 12304-06,   Filed October 8, 2008.
          12312-06, 12475-06.

<u>Steven D. Morford</u>, for petitioner.

<u>Kelly M. Davidson</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, <u>Judge</u>:  In these consolidated cases, respondent determined the following deficiencies and additions to tax with respect to petitioner's Federal income taxes:

| Year | Deficiency | Additions to Tax | | |
|------|-----------|------------------|---|---|
| | | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| 1999[1] | $79,706 | $17,933 | $19,926 | $3,857 |
| 2000 | 57,404 | 14,351 | -- | -- |
| 2001 | 67,571 | 15,203 | 13,514 | 2,700 |
| 2002 | 53,953 | 12,139 | 5,934 | 1,802 |

The sole issue is whether petitioner is entitled to deductions claimed on Schedules A, Itemized Deductions, and Schedules C, Profit or Loss From Business, attached to his untimely returns for the years at issue.[2] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

---

[1] After issuing the notice of deficiency for 1999, respondent issued petitioner a new examination report, redetermining a 1999 deficiency of $73,625 and additions to tax pursuant to secs. 6651(a)(1) and (2), and 6654 in the amounts of $16,565, $18,406, and $3,563, respectively. Respondent has conceded the amounts of deficiency and additions to tax in excess of those determined in the new examination report.

[2] Neither in his petition nor otherwise in this proceeding has petitioner assigned error to respondent's determination that he is liable for additions to tax pursuant to secs. 6651(a)(1) and (2), and 6654. We deem petitioner to have conceded that the additions to tax are appropriate. See Swain v. Commissioner, 118 T.C. 358, 365 (2002) (if an individual does not challenge a penalty by assigning error to it, the Commissioner has no obligation under sec. 7491(c) to produce evidence that the penalty is appropriate). The exact amount of the additions to tax shall be determined in the parties' Rule 155 calculations.

## FINDINGS OF FACT[3]

The parties have stipulated some facts, which we incorporate herein. When he petitioned the Court, petitioner resided in Arizona.

During the years at issue, petitioner was in the masonry, tile, and stone installation business. He failed to file timely Forms 1040, U.S. Individual Income Tax Return, for 1999, 2000, 2001, and 2002 and made no estimated tax payments. Respondent issued separate notices of deficiency for each of these years, determining that petitioner had unreported income.

Each petition in these consolidated cases alleges as the sole assignment of error that respondent has failed to take into account petitioner's "ordinary and necessary expenses". The petitions state identically: "Tax returns are in the process of being prepared to reflect those expenses." After petitioning this Court, petitioner submitted to respondent Federal income tax returns for the years at issue. Attached to these returns, which are in evidence, are Schedules A and Schedules C in which petitioner claimed numerous and sizable deductions.

---

[3] Petitioner failed to file any posttrial brief and consequently failed to set forth any objections to respondent's proposed findings of fact. We consider petitioner to have waived any objections to respondent's proposed findings of fact. See Rule 151(e)(3) ("In an answering or reply brief, the party shall set forth any objections, together with the reasons therefor, to any proposed findings of any other party").

OPINION

Petitioner does not dispute respondent's determinations as to the amounts of his unreported income for the years at issue.[4] Although his contentions are vague, petitioner appears to claim entitlement to at least some of the various deductions claimed on his untimely returns. The record is sparse. Petitioner's counsel was unprepared at trial, called no witnesses, and filed neither a pretrial memorandum nor a posttrial brief as ordered. The evidence consists almost entirely of the parties' limited stipulations and the testimony of respondent's revenue agent.

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden to prove that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[5] Deductions are a matter of legislative grace, and a taxpayer must prove entitlement to claimed deductions. Rule 142(a)(1); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). The taxpayer must keep sufficient records to substantiate any deductions claimed. Sec. 6001. If a taxpayer establishes a deductible expense but is

---

[4] On his Schedules C, Profit or Loss From Business, petitioner reported as gross receipts or sales the same amounts that respondent had determined in the notices of deficiency as unreported income.

[5] Petitioner does not claim and has not established that the conditions of sec. 7491(a) have been met to shift the burden of proof to respondent with regard to any factual issue as to petitioner's liability for tax.

unable to substantiate the precise amount, the Court generally may approximate the deductible amount, but only if the taxpayer presents sufficient evidence to establish a rational basis for making the estimate. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985); cf. Kendrix v. Commissioner, T.C. Memo. 2006-9 (questioning whether the Cohan rule applies with respect to claimed charitable contributions that have not been adequately substantiated).

On the Schedules A attached to his untimely returns petitioner claimed, among other things, cash and noncash charitable contributions (including carryover amounts) in the following amounts:

| Year | Charitable Contributions |
|------|--------------------------|
| 1999 | $35,028 |
| 2000 | 13,078 |
| 2001 | 13,905 |
| 2002 | 9,408 |

Respondent concedes that petitioner has substantiated charitable contributions in 1999 and 2000 in the amounts of $15,525 and $4,215, respectively. Petitioner has failed to establish that he is entitled to any greater amount of charitable deduction.[6]

---

[6] Petitioner's claimed 1999 charitable deduction included a $12,618 carryover of excess charitable contributions from his 1997 taxable year. On brief respondent concedes that petitioner had available a $9,859 charitable contribution carryover from
(continued...)

Moreover, in this proceeding petitioner has offered no evidence to show that he is entitled to any other itemized deductions.

On the Schedules C attached to his untimely returns, petitioner claimed, among other things, expenses for materials and supplies in the following amounts:

| Year | Amount |
|------|--------|
| 1999 | $28,086 |
| 2000 | 64,821 |
| 2001 | 43,257 |
| 2002 | 63,830 |

The parties have stipulated certain of petitioner's receipts for materials and supplies, totaling $7,642 for 1999; $17,028 for 2000; $15,778 for 2001; and $16,043 for 2002. We hold that petitioner is entitled to deductions for materials and supplies in these amounts. Petitioner has introduced no evidence to substantiate any greater amount of Schedule C expenses or to provide any basis for us to estimate them.[7]

---

[6](...continued)
1997 but contends, on the basis of stipulated evidence, that the entire carryover must be treated as a charitable contribution paid in 1998. See sec. 170(d)(1); sec. 1.170A-10(b)(1) and (2), Income Tax Regs. (individuals' charitable contributions in excess of the applicable percentage limitation must be treated as charitable contributions paid in each of the 5 taxable years immediately succeeding the contribution year in order of time). Petitioner has offered neither evidence nor argument against these contentions.

[7] At trial petitioner's counsel stated that it was "pretty obvious" that petitioner must have had labor expenses to generate his income. Shortly before trial petitioner provided respondent with copies of Forms 1096, Annual Summary and Transmittal of U.S.
(continued...)

To reflect the foregoing and concessions by respondent,

<u>Decision will be entered</u>

<u>under Rule 155</u>.

---

[7](...continued)
Information Returns, for his 1999 through 2002 taxable years with attached Forms 1099-MISC, Miscellaneous Income, reporting payments allegedly made to specified individuals for those years. The parties have stipulated, however, that the Social Security numbers reported in the Forms 1099-MISC do not belong to the individuals whose names are reported therein. Moreover, respondent alleges that he has no record that petitioner ever filed the Forms 1096 and 1099-MISC. In any event, at trial petitioner offered neither these forms nor any other evidence to substantiate claimed labor expenses.