# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1233

_____

| | | |
|---|---|---|
| Michael C. Dodge, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | Tax Court. |
| | * | |
| Commissioner of Internal Revenue, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: March 16, 2009
Filed: March 26, 2009

_____

Before RILEY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

In this appeal from a decision of the tax court,[1] Michael Dodge challenges the court's assessment of penalties under 26 U.S.C. §§ 6651(a)(1) and 6654 for the 2002 tax year. After careful review, *see Estate of Korby v. Comm'r*, 471 F.3d 848, 852 (8th Cir. 2006) (standards of review), we reject as frivolous Dodge's effort to avoid tax liability by claiming that the Form 1040 does not comply with the Paperwork Reduction Act (PRA), *see Lewis v. Comm'r*, 523 F.3d 1272, 1277 (10th Cir. 2008) (holding that Form 1040 complies with PRA); *United States v. Patridge*, 507 F.3d 1092, 1094-95 (7th Cir. 2007) (obligation to file tax return stems from statutes, which

_____

[1]The Honorable Juan F. Vasquez, United States Tax Court Judge.

does not require anyone to use Form 1040 or any official form), *cert. denied*, 128 S. Ct. 1721 (2008); *United States v. Hicks*, 947 F.2d 1356, 1359 (9th Cir. 1991) (PRA was meant to rein in agency activity, not provide tax evaders with all-purpose escape hatch), and we conclude that the tax court properly assessed Dodge's 2002 tax liability, including the statutory penalties, *see Montgomery v. Comm'r*, 122 T.C. 1, 7-8 (2004) (term "underlying tax liability" is reference to amount assessed following issuance of notice of deficiency; petitioners' underlying tax liability consisted of amount petitioners reported due on tax return along with statutory interest and penalties).

Accordingly, the decision of the tax court is affirmed. *See* 8th Cir. R. 47B.

_____