T.C. Memo. 2011-104

UNITED STATES TAX COURT

PATRICIA LOUISE HYDE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8225-10.                    Filed May 19, 2011.

Patricia Louise Hyde, pro se.

<u>Dessa J. Baker-Inman</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  Respondent determined a $33,498 deficiency in
petitioner's 2006 Federal income tax and additions to tax of
$7,537 under section 6651(a)(1), $4,857 under section 6651(a)(2),
and $1,585 under section 6654(a).[1]  After concessions,[2] we decide

_____

[1]Section references are to the applicable version of the
                                        (continued...)

whether petitioner: (1) Had unreported income in the amounts determined by respondent; (2) is liable for the 10-percent additional tax on early distributions from her individual retirement account (IRA); (3) is liable for self-employment tax on her earnings of nonemployee compensation; (4) is liable for the addition to tax determined by respondent under section 6651(a)(1); (5) is liable for the addition to tax determined by respondent under section 6651(a)(2); and (6) is liable for the addition to tax under section 6654. In addition, we consider whether the Court should sua sponte impose a penalty under section 6673.

## FINDINGS OF FACT

No written stipulation of facts was filed in this case. An oral stipulation was made at trial as to one fact: Petitioner lived in Arkansas at the time the petition was filed.

During 2006 petitioner worked as a consultant for Key Apparel Resources, Ltd. (Key Apparel), and Star of India Fashions, Inc. (Star). Petitioner was paid total compensation of

---

[1](...continued)
Internal Revenue Code (Code), and Rule references are to the Tax Court Rules of Practice and Procedure. Some dollar amounts are rounded.

[2]Respondent concedes that the sec. 6654 addition to tax was improperly calculated by determining such addition on the basis of a required annual payment of $30,148. Respondent contends, and we agree, that such an addition should have been calculated on the basis of a required annual payment of $330.

$92,500 for her services to Key Apparel and Star. Also in 2006 Merrill Lynch Bank and Trust Co. made a taxable distribution of $9,166 to petitioner from an IRA. Petitioner was also paid (1) $1,297 in dividends from Merrill, Lynch, Pierce, Fenner & Smith, Inc., (2) $15 in dividends from Scottrade, Inc., (3) $31 in interest from Arvest Bank, and (4) an income tax refund of $1,912 from the State of Arkansas Department of Finance and Administration. Petitioner does not dispute having received these payments.[3]

Petitioner did not file a Federal income tax return for 2006, and she did not make estimated tax payments.[4] Respondent prepared a substitute for return on petitioner's behalf for 2006 using information reported by third-party payers. See sec. 6020(b)(1). On the basis of that substitute for return, respondent issued to petitioner a notice of deficiency dated January 4, 2010. Attached to the notice of deficiency was Form 4549, Income Tax Examination Changes, on which respondent calculated petitioner's 2006 Federal taxable income as follows:

---

[3]We found petitioner's testimony at trial regarding these payments to be evasive. She attempted to avoid answering basic questions on whether she had received that income or stated that she did not know whether she had received that income.

[4]Petitioner submitted a "Tax Statement" for 2006 which did not comply with the requirements of sec. 6011(a). See sec. 1.6011-1(b), Income Tax Regs.

| Adjustment to Income | Amount |
| --- | --- |
| Nonemployee compensation | $92,500 |
| Taxable distributions from pensions | 9,166 |
| Prior year State refund | 1,912 |
| Dividend income | 1,312 |
| Interest income | 31 |
| SE AGI adjustment | (6,535) |
| Standard deduction | (5,150) |
| Exemptions | (3,300) |
| Corrected taxable income[1] | 89,936 |

[1]Respondent used a filing status of "single".

In response to the notice of deficiency, petitioner petitioned the Court on April 2, 2010. A trial was held on January 11, 2011.

OPINION

I. Validity of the Notice of Deficiency and Substitute for Return

Absent a stipulation to the contrary, an appeal in this case would lie in the U.S. Court of Appeals for the Eighth Circuit. See sec. 7482(b)(1)(A). At trial and on brief petitioner advances a hodgepodge of frivolous and groundless claims that both this Court and the Eighth Circuit have consistently rejected. See, e.g., United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993); Newman v. Schiff, 778 F.2d 460, 467 (8th Cir. 1985); Michael v. Commissioner, T.C. Memo. 2003-26. First, petitioner argues that the notice of deficiency upon which this case is based is invalid because it was based on a substitute for return which petitioner did not authorize to be filed. According to petitioner, respondent was precluded from preparing a

substitute for return on her behalf and therefore was unable to make a valid assessment of Federal income tax against her because she did not file a 2006 Form 1040, U.S. Individual Income Tax Return.  We reject petitioner's allegation that the notice of deficiency is invalid because it was based on a substitute for return.  It is well settled that a substitute for return prepared by the Commissioner under section 6020 is prima facie "good and sufficient for all legal purposes", including to assess Federal income tax liability shown on a substitute for return as due and owing.  See sec. 6020(b)(2); United States v. Silkman, 220 F.3d 935, 936 (8th Cir. 2000).  That respondent issued the notice of deficiency on the basis of the substitute for return does not, in and of itself, invalidate the notice of deficiency.  Petitioner has not offered any credible evidence which would require that we otherwise invalidate the notice of deficiency.[5]

Second, petitioner argues that the notice of deficiency is invalid because the substitute for return respondent prepared does not comply with the Paperwork Reduction Act of 1980 (PRA), Pub. L. 96-511, 94 Stat. 2812.  Similar arguments concerning the

---

[5]At trial, petitioner attempted to introduce numerous documents into evidence which we declined to admit because we found that they were irrelevant, inadmissible hearsay, unable to be authenticated, or some combination thereof.  Petitioner also objected on the grounds of hearsay to evidence respondent submitted.  We considered all of petitioner's objections and overruled those objections because we found respondent's proffered evidence to be relevant and properly authenticated. See Fed. R. Evid. 803(6), (8), 902(1), (11).

duty to file a tax return and the PRA have been consistently recognized as frivolous. See, e.g., <u>Pitts v. Commissioner</u>, T.C. Memo. 2010-101; <u>Wolcott v. Commissioner</u>, T.C. Memo. 2007-315; <u>Dodge v. Commissioner</u>, T.C. Memo. 2007-236, affd. 317 Fed. Appx. 581 (8th Cir. 2009). We thus reject petitioner's argument that the PRA invalidates her notice of deficiency.

Third, petitioner argues that she is not liable for Federal income tax because the tax laws are incomprehensible to her. While we recognize that the tax laws are complex, we have consistently held that complexity alone does not relieve a taxpayer of his or her duty to file a Federal income tax return and pay any tax determined on that return to be due and owing. See, e.g., <u>Cook v. Commissioner</u>, T.C. Memo. 2010-137. Petitioner filed a Federal income tax return for 2005, which suggests to us that she was aware of her filing obligation for 2006. Moreover, she earned significant income in 2006, and we believe that she possesses the resources to seek out the advice of a professional tax adviser to aid in her comprehension of the tax laws. Petitioner made no apparent effort to determine her tax liability for 2006, and she cannot now claim harbor from her liability under the pretense that the tax laws are too complex.

Petitioner's remaining arguments are unintelligible shopworn tax-protester rhetoric which we have considered and now reject as baseless. We do not devote any more time to these arguments

because to do so might suggest that they have merit.  Accord Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984).

## II.  Unreported Income

As a general rule, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving these determinations erroneous in order to prevail.  See Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933); Jones v. Commissioner, T.C. Memo. 1994-230, affd. 68 F.3d 430 (4th Cir. 1995).  As relevant here, two statutory provisions modify the general rule.  First, section 6201(d) provides that if a taxpayer asserts a reasonable dispute with regard to income reported on an information return and has fully cooperated with the Commissioner, then the Commissioner must supplement the information return with additional reasonable and probative information.  Second, section 7491(a) provides that the burden of proof as to factual matters may shift to the Commissioner under certain circumstances.  Petitioner has not alleged that sections 6201(d) or 7491(a) apply to this case.  Nor do we find that she has fully cooperated with respondent, see sec. 6201(d), or established her compliance with the substantiation and recordkeeping requirements of the Code, see sec. 7491(a)(2)(A) and (B).  Accordingly, petitioner bears the burden of proof.

Gross income includes all income from whatever source derived, unless otherwise specifically excluded. Sec. 61(a). The definition of gross income broadly includes any instance of undeniable accessions to wealth, clearly realized, and over which the taxpayer has complete dominion and control. Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955). Specifically included in gross income are compensation for services, interest, dividends, and distributions from an IRA. See secs. 61(a)(1), (4), (7), 72(a); see also sec. 402(a). State income tax refunds are also includable in gross income under the "tax benefit rule". See Francisco v. Commissioner, 119 T.C. 317, 333-334 (2002), affd. 370 F.3d 1228 (D.C. Cir. 2004).

On the basis of third-party information, respondent determined that in 2006 petitioner received $92,500 in compensation for services, $31 in interest, $15 in dividends, $9,166 in taxable distributions from an IRA, and an income tax refund of $1,912 from the State of Arkansas. Respondent introduced these information returns at trial and prepared the substitute for return on the basis of those returns. Petitioner has not produced any credible evidence to dispute the receipt of any of the income she received in 2006. Therefore, we sustain respondent's determination that petitioner had $104,921 in unreported income in 2006.

III. <u>10-Percent Additional Tax for IRA Distribution</u>

Section 72(t)(1) imposes a 10-percent additional tax on the amount of any early distribution from a qualified retirement plan unless that distribution satisfies any of the exceptions enumerated in section 72(t)(2)(A). An IRA is a qualified retirement plan to which section 72(t)(1) applies. See secs. 408(a), 4974(c)(4). Respondent introduced evidence at trial from third-party payers which established that petitioner received gross distributions of $183,007 from an IRA and that $9,166 of that amount was taxable to her. Petitioner has not asserted any reasonable dispute with regard to her receipt of the early distribution from the IRA. See sec. 6201(d). Nor has she established her entitlement to any of the section 72(t)(2)(A) exceptions. See <u>Bunney v. Commissioner</u>, 114 T.C. 259, 265-266 (2000). Accordingly, we hold that petitioner is liable for the section 72(t)(1) 10-percent additional tax on the distribution she received from the IRA.

IV. <u>Self-Employment Tax</u>

Respondent determined that the nonemployee compensation petitioner earned from Key Apparel and Star was subject to self-employment tax and that she was entitled to a deduction for one-half of the self-employment tax to be paid. Section 1401 imposes a tax on the self-employment income of every individual. See sec. 1401(a) and (b); <u>Schelble v. Commissioner</u>, 130 F.3d 1388,

1391 (10th Cir. 1997), affg. T.C. Memo. 1996-269.  Self-employment income includes the net earnings from self-employment derived by an individual during the taxable year.  Sec. 1402(b). The term "net earnings from self-employment" means the gross income derived by an individual from the carrying on of any trade or business, reduced by the deductions attributable to that trade or business.  Sec. 1402(a); sec. 1.1402(a)-1, Income Tax Regs. Section 164(f) allows a taxpayer to deduct one-half of the self-employment tax imposed by section 1401.

Petitioner received $92,500 in nonemployee compensation in her capacity as a consultant for Key Apparel and Star. Respondent determined the amount of that income from information returns provided by Key Apparel and Star and calculated the amount of self-employment tax and corresponding deduction using Schedule SE, Self-Employment Tax.  We agree with respondent's determination that petitioner is liable for self-employment tax on the nonemployee compensation she earned.  Accordingly, we hold that amounts Key Apparel and Star paid to petitioner as nonemployee compensation are self-employment income subject to $13,070 of tax as respondent calculated under section 1401.  We also hold that petitioner may deduct $6,535 under section 164(f).

V.   Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for failure to file a required return by its extended due date, unless the

taxpayer demonstrates that the failure to file was due to reasonable cause and not due to willful neglect. The addition to tax equals 5 percent for each month that the return is late, but may not exceed 25 percent in total. Sec. 6651(a)(1). The Commissioner bears the burden of production with respect to a taxpayer's liability for an addition to tax under section 6651(a)(1). See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Petitioner, however, bears the burden of proving her entitlement to the reasonable cause exception of section 6651(a)(1). See Higbee v. Commissioner, supra at 447. To demonstrate the existence of "reasonable cause", petitioner must establish that she exercised ordinary business care and prudence but was still unable to file the 2006 return by the extended due date. See United States v. Boyle, 469 U.S. 241, 246 (1985); sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect connotes a taxpayer's "conscious, intentional failure or reckless indifference" to timely file a return. United States v. Boyle, supra at 245.

Petitioner concedes that she never filed a Form 1040 for 2006.[6] Respondent has therefore met his burden of production as

---

[6]The "Tax Statement" petitioner filed in 2006 is not a valid tax return because it consists entirely of zeros and does not contain sufficient information for the Internal Revenue Service to calculate her Federal income tax liability. See United States v. Grabinski, 727 F.2d 681, 687 (8th Cir. 1984); Cabirac v. Commissioner, 120 T.C. 163, 169 (2003); Holmes v. Commissioner,

(continued...)

to the section 6651(a)(1) addition to tax.  Petitioner has not offered any credible reason for her failure to file her 2006 return, nor has she produced any evidence to establish the existence of reasonable cause on her part.  To the contrary, petitioner's frivolous tax-protester rhetoric leads us to conclude that her failure to file her 2006 return was in fact conscious, intentional, and recklessly indifferent.  Therefore, we hold petitioner liable for an addition to tax under section 6651(a)(1).

VI.   Section 6651(a)(2) Addition to Tax

Section 6651(a)(2) generally imposes an addition to tax for a failure to timely pay the amount of tax shown as due on a Federal income tax return.  Although petitioner did not file a valid 2006 Federal income tax return, respondent prepared a substitute for return on her behalf under section 6020(b).  It is well settled that a substitute for return is treated as a return filed by the taxpayer for purposes of section 6651(a)(2).  See sec. 6651(g)(2); see also Wheeler v. Commissioner, 127 T.C. 200, 208-209 (2006), affd. 521 F.3d 1289 (10th Cir. 2008); Oman v. Commissioner, T.C. Memo. 2010-276.

At trial respondent introduced a copy of the substitute for return which was prepared on behalf of petitioner and certified

---

[6](...continued)
T.C. Memo. 2011-31.

that the substitute for return was valid under section 6020(b).
Respondent also included a copy of the Form 4549 on which
petitioner's income tax liability was based and account
transcripts which proved that petitioner had no withholdings or
estimated tax payments against her 2006 tax liability.
Accordingly, we find that respondent produced sufficient evidence
that petitioner is liable for an addition to tax under section
6651(a)(2).

Petitioner does not allege that her failure to pay was due
to reasonable cause and not willful neglect. See sec.
6651(a)(2). Nor did she establish that she exercised ordinary
business care or that she would have suffered undue hardship if
made to pay her tax liability. See sec. 301.6651-1(c)(1),
Proced. & Admin. Regs. To the contrary, petitioner appears to
have been reckless in her decision not to pay her 2006 taxes even
though she earned more than $100,000 that year. Therefore, we
hold that petitioner is liable for an addition to tax under
section 6651(a)(2).

VII. <u>Section 6654 Addition to Tax</u>

Section 6654(a) imposes an addition to tax on an individual
who underpays his or her estimated tax. That addition to tax is
calculated with reference to four required installment payments
of the taxpayer's estimated tax liability. Sec. 6654(c)(1);
<u>Wheeler v. Commissioner</u>, <u>supra</u> at 210. Each required installment

of estimated tax must equal 25 percent of the "required annual payment" to avoid an addition to tax under section 6654. Sec. 6654(d)(1)(A). As relevant here, the required annual payment is equal to the lesser of (i) 90 percent of the tax shown on the taxpayer's return for that year (or, if no return is filed, 90 percent of the tax due for such year), or (ii) 100 percent of the tax shown on the taxpayer's return for the preceding taxable year. Sec. 6654(d)(1)(B). Respondent bears the burden of proving that imposition of the section 6654 addition to tax is appropriate.

At trial respondent introduced evidence which proved that petitioner was required to file a Federal income tax return for 2006, that she did not file a 2006 return, and that she did not make any estimated tax payments or have income tax withheld for 2006. That evidence included a copy of petitioner's 2005 Federal income tax return which showed total tax due of $330. The substitute for return which respondent prepared on behalf of petitioner for 2006 showed total tax due of $33,498. Ninety percent of petitioner's 2006 tax liability is $30,148. Thus, petitioner's required annual payment for 2006 was $330; i.e., the lesser of 90 percent of her 2006 tax liability and 100 percent of her 2005 tax liability. Petitioner does not assert, and we do not find, that any of the statutory exceptions in section 6654(e) apply to eliminate petitioner's liability for an addition to tax

under section 6654(a).  Accordingly, we hold that petitioner is liable for an addition to tax under section 6654 for 2006 based on a required annual payment of $330.[7]

VIII. Section 6673 Sanction Awarded by the Court

We now consider sua sponte whether to impose a penalty against petitioner pursuant to section 6673(a)(1).  That section allows the Court to impose upon a taxpayer a penalty of up to $25,000 whenever it appears that the taxpayer instituted or maintained a proceeding primarily for delay or that the taxpayer's position is frivolous or groundless.  See Pierson v. Commissioner, 115 T.C. 576, 581 (2000).

The record is clear that petitioner's positions in this proceeding are frivolous and groundless.  Petitioner was warned at trial that she could be sanctioned under section 6673 for asserting frivolous and groundless claims.  Petitioner ignored those warnings by maintaining similar frivolous arguments on brief.  We therefore believe that sanctions are appropriate. See, e.g., Randall v. Commissioner, T.C. Memo. 2008-138; Avery v. Commissioner, T.C. Memo. 2007-60, affd. 399 Fed. Appx. 195 (9th Cir. 2010).  Pursuant to section 6673(a)(1), we impose against petitioner a penalty of $3,000.

---

[7]The amount of the sec. 6654 addition to tax is to be determined by the parties in their Rule 155 calculations.  See Arnold v. Commissioner, T.C. Memo. 2008-228.

We have considered all arguments raised by petitioner, and to the extent not discussed herein we conclude that they are irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered
under Rule 155.
