T.C. Memo. 2015-147

UNITED STATES TAX COURT

ABDUL-KAREEM SHAKIR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4540-14.                                    Filed August 10, 2015.

Abdul-Kareem Shakir, pro se.

<u>Frederick C. Mutter</u> and <u>Jay S. Stendig</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  In separate notices of deficiency, respondent determined the following deficiencies in petitioner's Federal income tax for the 2010 and 2011 taxable years (years at issue) as well as additions to tax under section 6651(a)(1) and (2):

[*2]

| | | Additions to tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) |
|------|-----------|-----------------|-----------------|
| 2010 | $2,848 | $640.80 | $412.96 |
| 2011 | 2,969 | 668.03 | 252.37 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are:

(1) whether petitioner was required to file Federal income tax returns for the years at issue; we hold that he was;

(2) whether petitioner is liable for a tax deficiency of $2,848 for the 2010 taxable year; we hold that he is;

(3) whether petitioner is liable for a tax deficiency of $2,969 for the 2011 taxable year; we hold that he is;

(4) whether petitioner is liable for additions to tax under section 6651(a)(1) for failure to file timely for the years at issue; we hold that he is; and

(5) whether petitioner is liable for additions to tax under section 6651(a)(2) for failure to pay timely for the years at issue; we hold that he is.

[*3]                          FINDINGS OF FACT

The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioner is a calendar year taxpayer who resided in New York when he timely filed his petition. Petitioner admits that he received taxable Social Security income and pension income for the 2010 taxable year; petitioner also received taxable Social Security income, pension income, and wages for the 2011 taxable year. Petitioner did not file Federal income tax returns or pay any tax for the years at issue. Respondent used available third-party information to prepare substitutes for returns (SFR) for petitioner's years at issue. See sec. 6020(b). On the basis of the SFRs, respondent issued to petitioner two notices of deficiency. Attached to each of the notices of deficiency was a Form 4549, Income Tax Examination Changes, on which respondent calculated petitioner's Federal taxable income, tax liability, and corresponding additions to tax for the respective year at issue.

The 2010 Form 4549 determined petitioner's tax liability to be $2,848. Respondent then imposed a section 6651(a)(1) addition to tax of $412.96 for failure to file timely, a section 6651(a)(2) addition to tax of $640.80 for failure to pay timely, and interest accruing of $283.31 pursuant to section 6601, computed as of September 25, 2013.

**[*4]**   The 2011 Form 4549 determined petitioner's tax liability to be $2,969.

Respondent then imposed a section 6651(a)(1) addition to tax of $668.03 for

failure to file timely, a section 6651(a)(2) addition to tax of $252.37 for failure to

pay timely, and interest accruing of $161.40 pursuant to section 6601, computed

as of September 25, 2013.

Petitioner argues that he does not have an obligation to file a Federal

income tax return because:  (1) his income does not qualify as taxable income; (2)

the Office of Management and Budget (OMB) did not approve Form 1040, U.S.

Individual Income Tax Return, pursuant to the Paperwork Reduction Act of 1980

(PRA), Pub. L. No. 96-511, 94 Stat. 2812; and (3) respondent lacks the authority

to prepare an SFR and to make a deficiency determination based on it.

Respondent argues that his determinations of tax deficiencies are pursuant

to statutory provisions, and petitioner has not shown reasonable cause to mitigate

the additions to tax.

OPINION

Absent a stipulation to the contrary, an appeal in this case would lie in the

Court of Appeals for the Second Circuit.  See sec. 7482(b)(1)(A).  The

Commissioner's determinations in a notice of deficiency are generally presumed to

be correct, and the taxpayer bears the burden of proving by a preponderance of the

[*5] evidence that the determinations are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof may shift to the Commissioner with respect to factual matters if the taxpayer meets certain requirements. Petitioner neither alleged that section 7491(a) applies nor established compliance with its requirements. Thus, petitioner bears the burden of proof concerning his arguments

## I.    Obligation To File a Federal Income Tax Return

At trial and on brief petitioner advances frivolous and meritless claims that both this Court and the Court of Appeals for the Second Circuit have consistently rejected. See, e.g., Upton v. IRS, 104 F.3d 543, 545 n.1 (2d Cir. 1997); Hyde v. Commissioner, T.C. Memo. 2011-104, 2011 WL 1900152, at *1, aff'd, 471 Fed. Appx. 537 (8th Cir. 2012); Notice 2010-33, 2010-17 I.R.B. 609.

First, petitioner argues that his income does not qualify as taxable income. He stipulated that he received the income; he merely argues that the income is not taxable. According to petitioner, only profit or gain from investments or business qualifies as ordinary income subject to taxation. Contrary to petitioner's erroneous assertions, it is well established that gross income includes all income from whatever source including wages, pensions, and possibly Social Security income. Secs. 86, 61(a)(1), (11). We reject petitioner's allegation that the

**[\*6]** payments he received do not qualify as taxable income. Petitioner admitted he has taxable income sufficient to obligate him to file Federal income tax returns for the years at issue.

Second, petitioner argues that Form 1040 is invalid because the OMB did not approve it pursuant to the PRA. Similar arguments concerning the duty to file a tax return and the PRA have been consistently recognized as frivolous. See, e.g., Pitts v. Commissioner, T.C. Memo. 2010-101; Wolcott v. Commissioner, T.C. Memo. 2007-315, aff'd, 2008 WL 5784548 (6th Cir. 2008); Dodge v. Commissioner, T.C. Memo. 2007-236, aff'd, 317 Fed. Appx. 581 (8th Cir. 2009). We see no need to comment further on this well-established law. We reject petitioner's argument that Form 1040 is invalid because it does not comply with the PRA.

Third, petitioner argues that the notices of deficiency upon which this case is based are invalid because they were based on SFRs which petitioner did not authorize to be filed. It is well settled that an SFR prepared by the Commissioner under section 6020 is prima facie "good and sufficient for all legal purposes", including assessment of Federal income tax shown on an SFR as due and owing. See sec. 6020(b)(2); United States v. Silkman, 220 F.3d 935, 936 (8th Cir. 2000).

**[\*7]** We reject petitioner's allegation that the notices of deficiency are invalid because they were based on SFRs.

Petitioner's remaining arguments are unintelligible, shopworn, tax-protester rhetoric which we have considered in the past and now reject again as baseless. We do not devote any more time to these arguments because to do so might suggest that they have merit. Accord Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984).

II.     Section 6651(a)(1) and (2) Additions to Tax

Petitioner failed to file his Forms 1040 and to pay the applicable taxes. Respondent then determined additions to tax for failing to file and to pay. Respondent bears the initial burden of production with respect to penalties and additions to tax. Sec. 7491(c); Rule 142(a)(2).

Section 6651(a)(1) imposes an addition to tax for a failure to file a Federal tax return when due equal to 5% for each month that the return is late, not to exceed 25% in total. Section 6651(a)(2) imposes an addition to tax for failing to timely pay the tax when due equal to 0.5% for each month that the payment is late, not to exceed 25% in total. For any complete or partial month for which the additions to tax for failure to file and pay timely apply, the amount of the failure to file addition to tax is reduced by the amount of the failure to pay addition to tax.

**[\*8]** Sec. 6651(c)(1). To meet the burden of production with respect to penalties under section 6651(a)(2), the Commissioner must introduce evidence through an SFR admitted into evidence or through a stipulation. Wheeler v. Commissioner, 127 T.C. 200, 208-211 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008).

Respondent carried his initial burden of production for the years at issue by virtue of the parties' stipulation that petitioner received the above-stated income, did not file his Forms 1040, and did not pay the corresponding tax. At trial respondent introduced copies of the SFRs prepared on behalf of petitioner and certified that they were valid under section 6020(b). Respondent also included copies of the Forms 4549 on which petitioner's income tax liabilities were based and supporting documents which proved that petitioner had no withholdings or estimated tax payments against his tax liabilities for the years at issue. Therefore, we find respondent produced sufficient evidence to hold petitioner liable for additions to tax under section 6651(a)(1) and (2) for the years at issue.

The additions to tax for failure to timely file and to timely pay do not apply where the failures were due to reasonable cause and not willful neglect. Sec. 6651(a)(1) and (2). Petitioner bears the burden of proving that his failures were due to reasonable cause and not willful neglect. See Rule 142(a); Higbee v. Commissioner, 116 T.C. 438, 447 (2001).

**[\*9]**   Reasonable cause requires the taxpayer to demonstrate that he exercised ordinary business care and prudence and nevertheless was unable to file his Form 1040 by the due date.  See United States v. Boyle, 469 U.S. 241, 246 (1985); sec. 301.6651-1(c), Proced. & Admin. Regs.  We synthesize our discussion of reasonable cause under section 6651(a)(1) and (2) because the standards have been interpreted to be synonymous.  See E. Wind Indus., Inc. v. United States, 196 F.3d 499, 504 n.5 (3d Cir. 1999); Russell v. Commissioner, T.C. Memo. 2011-81.  The existence of reasonable cause or willful neglect is a factual determination to be made in the light of well-established legal principles.  Boyle, 469 U.S. at 249 n.8.  Willful neglect is present when the taxpayer handles his Federal tax obligations with "conscious, intentional failure or reckless indifference."  Id. at 245-246.

Petitioner did not offer any proof to persuade us that he met his burden to show that his failures were due to reasonable cause.  His frivolous tax-protester rhetoric leads us to conclude that his failure to file his Forms 1040 for the years at issue and to pay the corresponding tax was in fact conscious, intentional, and recklessly indifferent.

III.   Section 6673(a)(1) Penalty

The Court now considers sua sponte whether to impose a penalty against petitioner pursuant to section 6673(a)(1).  That section provides that the Court

[*10] may require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever, among other reasons, it appears either that the taxpayer instituted or maintained the proceeding primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless. See Pierson v. Commissioner, 115 T.C. 576 (2000). A taxpayer's position is frivolous or groundless if it is "'contrary to established law and unsupported by a reasoned, colorable argument for change in the law.'" Williams v. Commissioner, 114 T.C. 136, 144 (2000) (quoting Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986)).

The record in this case convinces us that petitioner was not interested in disputing the merits of either the deficiencies in income tax or the additions to tax respondent determined in the notice of deficiency. Rather, petitioner raised frivolous tax-protester arguments and contentions that have previously and universally been rejected as such. See, e.g., Hyde v. Commissioner, T.C. Memo. 2011-104; Notice 2010-33, supra.

Although petitioner pursued frivolous arguments during the course of this proceeding, we have decided not to impose a penalty. However, we caution petitioner that if, in the future, he pursues frivolous or groundless arguments in a

**[*11]** proceeding before this Court, we will not hesitate to impose a penalty pursuant to section 6673.

We have considered all of the arguments raised by petitioner, and to the extent not discussed herein we conclude they are irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.