T.C. Memo. 2012-177

UNITED STATES TAX COURT

STEPHAN P. FORYAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18208-10.                    Filed June 25, 2012.

Stephan P. Foryan, pro se.

Robert Vernon Boeshaar and Julie L. Payne, for respondent.

MEMORANDUM OPINION

SWIFT, Judge:  This matter is before us on respondent's motion to dismiss for failure to properly prosecute.

At the time of filing his petition, petitioner resided in the State of Washington.

For 2007 petitioner failed to file a Federal income tax return and to pay tax due.

On the basis of third-party information used to calculate petitioner's unreported income, under authority of section 6020(b)[1] respondent prepared for petitioner a substitute for return for 2007 and charged petitioner with the following income: $197,107 from Unruh Hay Co. LLC; $2,979 from Herring Farms, Inc.; and $928 from Billingsley Ranch. Against this income respondent allowed petitioner a standard deduction of $5,350 and exemptions of $2,720.

On May 17, 2010, respondent mailed to petitioner a notice of deficiency relating to petitioner's 2007 Federal income tax. Respondent determined an income tax deficiency (including self-employment tax), plus additions to tax, as follows:

| | Additions to tax | | |
|---|---|---|---|
| Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| $64,330 | $14,474 | [1]$7,398 | $2,928 |

[1]The sec. 6651(a)(2) addition to tax due from petitioner for 2007 is to be computed as 0.5% of the underpayment of tax for 2007, commencing on the due

[1]All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

date of petitioner's return and accruing for each month or fraction thereof during which petitioner fails to pay, not exceeding 25% in the aggregate.

On August 16, 2010, petitioner timely filed a petition in this Court challenging respondent's determinations primarily on the basis that the income tax is unconstitutional.

On July 12, 2011, respondent sent petitioner a <u>Branerton</u> letter[2] proposing a telephone conference on July 26, 2011. Respondent's letter also explained the Court's expectation that litigants make informal discovery efforts before resorting to formal discovery. <u>See</u> Rule 70(a)(1).

On July 24, 2011, petitioner made extensive formal discovery requests of respondent.

On September 26, 2011, in response to petitioner's discovery requests, respondent sent petitioner a letter explaining his basis for not responding to petitioner's discovery requests--namely, formal discovery was premature given petitioner's failure to participate in informal conferences with respondent. <u>See</u> <u>Branerton Corp. v. Commissioner</u>, 61 T.C. 691 (1974).

Enclosed with respondent's letter was a proposed stipulation of facts with exhibits, to which petitioner refused to agree.

---

[2]<u>Branerton</u> letters are the common method of initiating informal discovery. <u>See</u> <u>Branerton Corp. v. Commissioner</u>, 61 T.C. 691, 692 (1974).

At the time of trial on October 31, 2011, petitioner appeared and acknowledged receipt of the income respondent charged to him. Petitioner, however, claimed that the income tax was unconstitutional.

Petitioner's arguments are characteristic of tax-protester rhetoric that has been rejected by this and other courts and merit no discussion. See, e.g., Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), aff'g T.C. Memo. 1987-225; Carter v. Commissioner, 784 F.2d 1006 (9th Cir. 1986); Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984); Knelman v. Commissioner, T.C. Memo. 2000-268, aff'd, 33 Fed. Appx. 346 (9th Cir. 2002).

We conclude that respondent has met his burden of production with respect to the additions to tax for petitioner's failure to timely file a tax return under section 6651(a)(1), failure to timely pay tax due under section 6651(a)(2),[3] and failure to pay estimated tax under section 6654.[4]

---

[3]Attached as an exhibit to respondent's motion to dismiss for failure to properly prosecute is Form 13496, IRC Section 6020(b) Certification, for petitioner's 2007 tax year, which satisfies respondent's burden of production for the sec. 6651(a)(2) addition to tax. See Wheeler v. Commissioner, 127 T.C. 200, 209 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008); Oman v. Commissioner, T.C. Memo. 2010-276.

[4]Because petitioner failed to file a Federal income tax return for 2006, petitioner has failed to show that he falls within the sec. 6654(e)(2) exception to

(continued...)

For the reasons stated, respondent's motion to dismiss will be granted.

An appropriate order of

dismissal and decision will

be entered.

---

[4](...continued)
the addition to tax for failure to pay estimated tax. See Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980).