T.C. Memo. 2015-114

UNITED STATES TAX COURT

STEPHAN FORYAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10732-13.                    Filed June 22, 2015.

Stephan Foryan, pro se.

<u>Julie L. Payne</u> and <u>Alicia Eyler</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PUGH, <u>Judge</u>:  In a notice of deficiency dated February 11, 2013, respondent determined a deficiency in petitioner's 2009 Federal income tax (including self-employment tax) plus additions to tax as follows:

[*2]                                                      Additions to Tax

| Deficiency | Sec. 6651(a)(1) | Sec. 6551(a)(2) | Sec. 6654(a) |
|---|---|---|---|
| $44,092 | $9,920.70 | $6,834.26 | $1,055.68 |

The issues for decision are: (1) whether petitioner has unreported income as respondent determined; (2) whether petitioner is liable for the additions to tax under sections 6651(a)(1) and (2) and 6654(a) of $9,920.70, $6,834.26, and $1,055.68, respectively; and (3) whether petitioner is liable for a penalty pursuant to section 6673.[1]

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. At the time the petition was filed, petitioner resided in the State of Washington. Petitioner failed to file his 2009 Federal income tax return, pay estimated tax, and pay the tax due.

Petitioner earned income from providing hay loading services for agricultural businesses. Pursuant to section 6020(b), respondent prepared a substitute for return for 2009 using third-party information to calculate petitioner's unreported income. In the notice of deficiency respondent determined petitioner's

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] nonemployee compensation to be $137,282.  Against these payments respondent allowed petitioner a self-employment income tax deduction of $8,460, a standard deduction of $5,700, and exemption deductions of $3,650.  At trial petitioner appeared and stipulated receipt of the payments respondent charged to him as income but argued those amounts were not taxable.  The amounts in the stipulation exceeded the total nonemployee compensation in the notice of deficiency, but respondent did not assert an increased deficiency in his answer.

Respondent also moved to impose a penalty under section 6673.

OPINION

I.  Burden of Proof

Ordinarily, the burden of proof in cases before the Court is on the taxpayer.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  However, if the Commissioner raises a new issue or seeks an increase in the deficiency, the Commissioner bears the burden of proof as to the new issue or the increased deficiency.  See Rule 142(a)(1).

The record establishes, and petitioner concedes, that he received payments for services from various agricultural businesses in 2009.  Petitioner does not dispute respondent's determinations of the amounts of his taxable income.  He disputes only the characterization of these payments as taxable income.  Because

[*4] petitioner raises only legal issues, we decide whether he is liable for the deficiency at issue without regard to the burden of proof.[2]

II. Nonemployee Compensation

Section 61(a) provides that "gross income means all income from whatever source derived," including compensation for services. Petitioner does not dispute that he received the payments in exchange for services he provided to various agricultural businesses in 2009. Rather, he argues that the payments are not taxable income. He also argues that Congress has not enacted a law making it mandatory to either file a tax return or pay Federal income tax. In a previous case before the Court petitioner argued that the Federal income tax is unconstitutional. The Court dismissed that case for failure to prosecute properly and upheld the deficiency and penalties determined in the notice by respondent. Foryan v. Commissioner, T.C. Memo. 2012-177. The opinion put petitioner on notice that he had raised tax-protester arguments rejected by this and other courts. Id.

Petitioner's arguments in this case likewise are frivolous tax-protester arguments that have been rejected by this and other courts. See Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), aff'g T.C. Memo. 1987-225; Carter

---

[2] Respondent, however, bears the initial burden of production with respect to the additions to tax. See sec. 7491(c).

[*5] v. Commissioner, 784 F.2d 1006, 1009 (9th Cir. 1986); Ficalora v. Commissioner, 751 F.2d 85, 87-88 (2d Cir. 1984); Abrams v. Commissioner, 82 T.C. 403 (1984); Randall v. Commissioner, T.C. Memo. 2008-138; Watson v. Commissioner, T.C. Memo. 2007-146, aff'd, 277 Fed. Appx. 450 (5th Cir. 2008); Brunner v. Commissioner, T.C. Memo. 2004-187, aff'd, 142 Fed. Appx. 53 (3d Cir. 2005).

For example, petitioner relies on Eisner v. Macomber, 252 U.S. 189 (1920), for the proposition that payments received are not income. Petitioner's reliance on Eisner is misplaced. In Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430-431, 477 (1955), the Supreme Court said that gross income includes all accessions to wealth and that the definition of income in Eisner "was not meant to provide a touchstone to all future gross income questions." See also Hanson v. Commissioner, T.C. Memo. 1980-197.

Petitioner also argues that Congress never enacted a law requiring individuals to file returns and pay Federal income tax. At trial petitioner summarized his challenge to respondent's notice of deficiency as follows: "The only statement I would like to make is when by the United States of America that there has been a law submitted that everyone is to file a tax and pay it, the law from the United States? We've got all kinds of laws here, Code books, but I

**[\*6]** haven't seen the law from our Congress passed down and made a law that it is a mandatory law."

In general, we do not address frivolous arguments "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984); Rowlee v. Commissioner, 80 T.C. 1111, 1120 (1983) (rejecting the taxpayer's claim that he is not a "person liable" for tax); Ebert v. Commissioner, T.C. Memo. 1991-629 (rejecting the taxpayer's assertion that there is no section of the Internal Revenue Code that makes a taxpayer liable for the taxes claimed), aff'd without published opinion, 986 F.2d 1427 (10th Cir. 1993).

We will answer petitioner's question to the Court directly because he has two additional petitions pending before the Court with the same frivolous arguments.  In short, petitioner is subject to tax on his income under the Internal Revenue Code.  As currently organized, it was first enacted into law on August 16, 1954, when Congress enacted a major revision of the revenue laws as the "Internal Revenue Code of 1954".  Pub. L. No. 83-591, ch. 736, 68A Stat. 3.  Congress made significant amendments in the Tax Reform Act of 1986, Pub. L. No. 99-514, 100 Stat. 2085, and redesignated the Internal Revenue Code as the "Internal Revenue Code of 1986", id. sec. 2, 100 Stat. at 2095.  Congress has made other

**[\*7]** changes in the intervening years. In each case the changes were made by statutes passed by Congress and signed by the President as required under the Constitution. See, e.g., Urban v. Commissioner, T.C. Memo. 1984-85.

Therefore we find that petitioner received $137,282 in compensation for services performed at various farms during the year in issue and that amount is includable in his gross income for 2009.

III. Addition to Tax

Respondent determined that petitioner is liable for additions to tax for 2009 under section 6651(a)(1), for failure timely to file a valid return; section 6651(a)(2), for failure timely to pay tax shown on a return; and section 6654, for failure to pay estimated tax. The Commissioner bears the burden of production with respect to a taxpayer's liability for additions to tax. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner carries the burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect or that the taxpayer had an affirmative defense. See Higbee v. Commissioner, 116 T.C. at 446-447.

A. Addition to Tax Under Section 6651(a)(1)

Section 6651(a)(1) authorizes the imposition of an addition to tax for failure timely to file a return unless it is shown that such failure is due to reasonable cause

[*8] and not due to willful neglect.  See United States v. Boyle, 469 U.S. 241, 245 (1985).  A failure timely to file a Federal income tax return is due to reasonable cause if the taxpayer exercised ordinary business care and prudence but nevertheless was unable to file the return within the prescribed time, typically for reasons outside the taxpayer's control.  See McMahan v. Commissioner, 114 F.3d 366, 369 (2d Cir. 1997), aff'g T.C. Memo. 1995-547; sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Petitioner was required to file a return for 2009 and failed to do so.  See sec. 6012(a)(1)(A); Rev. Proc. 2008-66, 2008-45 I.R.B. 1107.  Accordingly, respondent has carried his burden of producing evidence showing that the addition to tax under section 6651(a)(1) is appropriate.  Petitioner failed to introduce any credible evidence showing that he had reasonable cause for failing timely to file his 2009 return.  His only arguments against his obligation to file a return (or pay tax) are frivolous, and he has been told as much previously.  Accordingly, petitioner is liable for the addition to tax under section 6651(a)(1).

B.  Addition to Tax Under Section 6651(a)(2)

Section 6651(a)(2) imposes an addition to tax for failure timely to pay the amount shown as tax on a return.  Respondent satisfied his burden of production under section 7491(c) by introducing evidence that a substitute for return for 2009

[*9] that satisfies the requirements of section 6020(b) was made.  See sec. 6020(b); Wheeler v. Commissioner, 127 T.C. 200, 210 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008).  A substitute for return constitutes "the return filed by the taxpayer" for purposes of determining the amount of an addition to tax under section 6651(a)(2).  See sec. 6651(g)(2); Wheeler v. Commissioner, 127 T.C. at 208-209; Cabirac v. Commissioner, 120 T.C. 163, 170 (2003).  Petitioner did not establish that his failure to timely pay was due to reasonable cause and not willful neglect.  See sec. 6651(a)(2).  Accordingly, petitioner is liable for the addition to tax under section 6651(a)(2).

C. Addition to Tax Under Section 6654

Section 6654(a) imposes an addition to tax for failure to make timely and sufficient payments for estimated tax.  The addition to tax under section 6654 is calculated by reference to four required installment payments of the taxpayer's estimated income tax.  Sec. 6654(c)(1); Wheeler v. Commissioner, 127 T.C. at 210.  Each required installment of estimated income tax is equal to 25% of the "required annual payment."  Sec. 6654(d)(1)(A).  The required annual payment is generally equal to the lesser of:  (1) 90% of the tax shown on the taxpayer's return for the year (or, if no return is filed, 90% of the taxpayer's tax for the year) or (2) 100% of the tax shown on the return, if the taxpayer filed a return, for the

[*10] immediately preceding taxable year.  Sec. 6654(d)(1)(B); <u>Wheeler v. Commissioner</u>, 127 T.C. at 210-211.

For tax year 2009 petitioner failed to file a return and make required installment payments.  He had an actual tax liability for that tax year that he has not paid.  Petitioner also failed to file a return for 2008.  Therefore, petitioner's required annual payment for 2009 is 90% of his tax for that year, as redetermined in this proceeding.  Respondent has satisfied his burden of production for the section 6654 addition to tax with respect to 2009.  <u>See</u> <u>Wheeler v. Commissioner</u>, 127 T.C. at 211(finding that the Commissioner did not satisfy the burden of production because the Commissioner failed to show whether the taxpayer filed a return for the preceding taxable year and, if he did, the amount of tax shown on that return).

Except in very limited circumstances not applicable in this case, <u>see</u> sec. 6654(e)(3)(B), section 6654 provides no exception for reasonable cause, <u>Mendes v. Commissioner</u>, 121 T.C. 308, 323 (2003).  Instead, the addition to tax under section 6654 is mandatory unless the taxpayer establishes that one of the exceptions in section 6654(e) applies.  <u>Recklitis v. Commissioner</u>, 91 T.C. 874, 913 (1988).

[*11] Petitioner has not shown that any of the statutory exceptions under section 6654(e) applies. Accordingly petitioner is liable for the addition to tax under section 6654 for 2009.

IV. Section 6673 Sanction

Respondent moved that the Court impose sanctions against petitioner pursuant to section 6673(a)(1). Section 6673(a)(1) authorizes the Court to require a taxpayer to pay a penalty to the United States in an amount not to exceed $25,000 whenever it appears to the Court that the taxpayer instituted or maintained the proceeding primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless.

We will grant respondent's motion and impose a penalty of $1,000 under section 6673(a)(1) on petitioner. We also warn petitioner, as we did at trial, that if he does not abandon his misguided positions, e.g., that his payments received for services are not taxable income, and file timely and proper tax returns in the future and pay his taxes when due, it is very likely that in future cases before this Court a greater penalty will be imposed.

We have considered petitioner's remaining arguments, and we conclude that they also are frivolous and devoid of any basis in law. See Crain v. Commissioner, 737 F.2d at 1417; Wnuck v. Commissioner, 136 T.C. 498 (2011).

**[\*12]** To reflect the foregoing,

<u>An appropriate order and</u>

<u>decision will be entered</u>.